No. 66.—Matthew Sykes, plaintiff in error, *vs. Doe ex dem.* John McRory, administrator, &c.

[1.] An order of the Governor correcting a supposed mistake in a grant, by changing the sir-name of the grantee, after the rights of third persons, other than the original grantee, had attached, is inoperative and void.

[2.] A grant issued by mistake can only be avoided by *sci. fa.* or other proceeding for that purpose in Chancery. It cannot be impeached collaterally, in an action at Law, by showing that the grantee intended, was a different person and of a different name from the one mentioned in the grant.

Ejectment, in Henry Superior Court. Tried before Judge Stark, April Term, 1851.

This was an action of ejectment, instituted by the defendant in error, against the plaintiff in error, as tenant in possession, for the recovery of lot of land, number ————, in the 12th district of Henry County.

On the trial the plaintiff offered in evidence a grant from the State of Georgia to Rachel McRory, for the lot of land, dated on the 21st November, 1823. It appeared upon the face of the grant that the name of the grantee had been changed from McCrary to McRory. The defendant objected to the evidence.

Counsel for plaintiff then offered in evidence, an executive order passed by the Governor, on the 18th day of December, 1839, authorizing the alteration in the grant to be made by virtue of the Act of 1827, proof having been submitted to his satisfaction, that there was a mistake in the grantee.

Counsel for defendant objected to the evidence, on the ground that the Act of 1827 was unconstitutional and void. The Court overruled the objection, and counsel for defendant excepted.

Plaintiff's counsel then offered in evidence the testimony of four witnesses, taken by interrogatories, to prove that at the time of giving in for draws in the land lottery of 1821, a widow

by the name of Rachel McRory, lived in the 13th district of Effingham County, that she had resided there for many years, and gave in for a draw in said land lottery, and that there was no person by the name of Rachel McCrary living in said district and County.

To which counsel for defendant objected. The Court overruled the objection, and counsel for defendant excepted.

The plaintiff then proved the death of Rachel McRory, in 1823, and gave in evidence his letters of administration, and proved possession by the defendant, and closed his case.

Counsel for the defendant moved for a non-suit. The Court overruled the motion, and defendant excepted.

Counsel for defendant then read in evidence, a copy grant from the State to Rachel McCrary, for said lot of land, dated on the 21st day of November, 1823, also a power of attorney from Rachel McCrary to John Freeland, authorizing him to convey said lot of land, which was dated the 21st January, 1824; also a deed executed under said power of attorney, and a regular chain of title, down to Sykes, the tenant in possession.

Counsel for defendant requested the Court to charge the Jury, 1st. That the Act of the Legislature, under which the Governor corrected the alleged mistake in the grant, was unconstitutional and void, and that the Jury should consider said grant as it was before said correction was made.

2d. That notwithstanding the Jury might believe that there was no such person as Rachel McCrary, and that Rachel McRory drew the lot of land, yet as no grant has ever issued from the State to Rachel McRory to said lot of land, they ought to find for the defendant, and that the lessor of the plaintiff cannot recover without showing title in himself; and if there be such persons as Rachel McRory and Rachel McCrary both, then the Jury should find for the defendant, because the grant issued to the latter.

3d. If the Jury believed there was no such person as Rachel McCrary, they should find for the defendant, because a grant from the State of Georgia cannot be impeached and set aside

Sykes *vs.* McRory.

collaterally in an action of ejectment, but should be done by *scire facias*, or by bill in Equity; and if there was such person as Rachel McCrary, although they might believe she was not the fortunate drawer of the land, still they should find for the defendant, for the same reasons, unless the grant was void for some matter appearing on its face.

4th. That the Jury should disregard the Executive order, under the circumstances of this case, and also the parol evidence intended to show the identity of the true grantee.

5th. That the plaintiff, as administrator, had no right to recover, unless he had procured an order of the Court of Ordinary to sell the land.

The Court refused so to charge, but did charge the Jury, as follows:

Our Government is divided into three distinct departments— the Executive, Legislative and Judicial; nor can an officer, being of one of these departments of the State Government, exercise any power properly attached to either of the others. Then, so far as the Legislature has attempted to confide Judicial power to the Governor, under the Act of 1837, the same is unconstitutional and void, and all the action of the Governor attempting to exercise judicial authority by virtue of that Act, or other Act of like character, is inoperative and void; all questions of disputed titles to property are judicial questions, and to be determined by the Judiciary; and all questions as to the ownership of land, between conflicting claimants, must be decided by the Judiciary, in the County where the land lies; and every attempt on the part of the Legislature to remove the forum of litigation from the County where the land lies to the Executive office, for the purpose of having questions touching the validity of grants or titles between conflicting grantees or claimants to land adjudicated by the Governor, must be inoperative and void. The Act of the Legislature of 1837 (read to you) and the other Acts of the Legislature on the same subject matter, are void as to third persons; but so far as these Acts clothe the Governor with powers—merely executive powers—which do not affect third persons, and which powers are not properly exerciseable by the Judi-

ciary, they are not unconstitutional, but are operative and bind-
ing. I must therefore decline charging you in round terms
as requested by defendant's counsel, that the Act of the Legis-
lature, under which the Governor corrected the alleged mistake
in the grant, is unconstitutional and void, and that you should
consider the grant as it was before the correction was made, but
I consider it my duty to charge you as to the constitutionality of
the law, as I have already done, and as you shall hear, hereaf-
ter. As requested by defendants, it is my duty to instruct you
that the plaintiff's lessor must recover on the strength of his
own title, and not on the weakness of his adversary's—he must
show title in himself, or he cannot recover. A principal ques-
tion in this case is: Is this a case of conflicting grantees—a case,
where two persons, Rachel McRory and Rachel McCrary, are
or were conflicting claimants? Both claimed to be drawers, or
each claimed to be the drawer of this land. Such a state of facts
as this, makes the case one proper for judicial inquiry ; then, if
you believe from the evidence, that there were two such persons
as Rachel McRory and Rachel McCrary, the executive order
changing the name of the grantee in the grant, from the one to
the other, is a nullity, and utterly null and void. For if there
were two such persons, then the Act of 1837, and all other Acts of
the like character, and touching the subject matter here involved,
authorizing the Governor to change the name of the grantee,
are unconstitutional, so far as they affect the rights of third per-
sons ; and the Governor having no right to exercise a function
properly appertaining to the Judiciary, had no legal authority to
make the alteration. The mistake, if it existed, could only be
legally corrected by the Courts, and the alteration of the grant
by the Governor is a nullity. A grant conveys nothing un-
less there be a grantee. If there existed no such person
as Rachel McCrary, then the grant as to her is void, nor is it
necessary that it should be repealed in solemn form by bill or
*scire facias.* If Rachael McCrary had no existence, she was no
grantee ; she had no vested interest to be divested by repeal of
the grant; she could not be summoned on *scire facias* or bill
to repeal or set the grant aside. If Rachel McCrary had no

Sykes *vs.* McRory.

existence and was not the grantee, and if Rachel McRory was entitled to the grant, it was the duty of the Governor to correct the grant and describe the grantee by her proper name; and in doing so, he performed a duty properly appertaining to the Executive department, and a strictly Executive and not a judicial act. I am requested to charge you to disregard the executive. order under the circumstances of the case, also the parol evidence to show the identity of the true grantee. I do not feel it my duty to instruct you as requested. When this Executive order was admitted in evidence, we had before us no Judicial information whether or not third persons were to be affected by it, nor could we with certainty foresee that any such information would be elicited in the course of the trial. Whether or not there existed two such persons as Rachel McCrary and Rachel McRory, are matters of fact, to be ascertained by you, and you are to regard or disregard the Executive order, according as you may ascertain the facts under the instructions already given. Nor can I, as requested, instruct you to disregard the parol evidence intended to show the identity of the true grantee. If there was no such person as Rachel McCrary, the grant to her in the first instance, conveyed no title out of the State, but the title remained in the State, unless Rachel McRory was originally entitled to the grant; and if she was so entitled, then the original grant passed the title to Rachel McRory, under the name of Rachel McCrary. If there was no such person as Rachel McCrary, the defendant, Sykes, has no title; she could not be the origin or source of title to any one. If there was no such person, his title is without foundation; still, as has been already stated, the plaintiff must recover on the strength of his own title and not on the weakness of his adversary's. The person in possession has the right to hold against the whole world, except against the true owner, and you will not turn out Sykes to let in any one else except the true owner. It is not necessary that the administrator should have obtained an order to sell the land before he can recover, and the mere absence of such an order will not hinder a recovery in a case like the present.

To which charge and refusal to charge, counsel for defendant excepted, and upon these several exceptions, have assigned error.

DOYAL & NOLAN, and CALHOUN, for plaintiff in error.

EZZARD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Hilliard vs. Connelly,* this Court held that the Act of 1837, authorizing and requiring the Governor and the Secretary of State, and the Comptroller General, to correct errors in grants, and to issue *alias* grants, was unconstitutional, so far as the rights of third persons, other than the State and the original grantee, were concerned.   7 *Geo. R.* 172.

The Executive order tendered in evidence on the trial, correcting the supposed mistake in the name of the grantee, bears date in 1839, while the record shows that two years previous to that time, to wit: in 1837, Wilkinson and Fowler, two of the immediate grantors of Sykes, the tenant in possession, had acquired a title to the land in dispute from Freeland, the attorney in fact of Rachael McCrary, in whose name the grant originally issued.   The order therefore, of the Executive, altering the grant, was clearly inoperative and void, and inadmissible in evidence, the rights of third persons other than the original grantee having attached.   The Judiciary department alone of the State Government was clothed with authority to investigate and determine the antagonistic claims of the contending parties.

[2.] But it is argued in behalf of the defendant in error, that this is a case of latent ambiguity, and that conceding the invalidity of the Executive order, that still it was competent, by parol proof on the trial of the ejectment, to ascertain the true grantee and to show that Rachel McRory, under whom the plaintiff claims, and not Rachel McCrary, from whom the defendant derives title, was the right person to whom the grant should have issued, and there is authority to sustain this position.   *Cheney's*

*case,* 5 *Co.* 68.     *Co. Litt.* 3 *a.     Ulrich vs. Litchfield,* 2 *Ark.* 373. *Parsons vs. Parsons,* 1 *Ves. Jr.* 266.     *Thomas vs. Thomas,* 6 *Term Rep.* 671.     *Jackson vs. Stanley,* 10 *Johns. R.* 132.     *Jackson vs. Cody,* 9 *Cowen,* 140.

But we think the better practice is, that a grant issued by mistake should only be avoided by *sci. fa.* or other proceedings for that purpose in Chancery; and that it cannot be impeached in this collateral way at Law, by showing that the grantee intended, was a different person from the one mentioned in the grant.     12 *Johns. R.* 77.   7 *Geo. R.* 172.   2 *T. R.* 684.   1 *Hen. & Munf.* 303.   6 *Munf.* 238.   9 *Cranch,* 87, 94.   5 *Wheat.* 293. · 13 *Peters,* 436.

Let the judgment below, for these reasons, be reversed.