JOHN BOWEN and NANCY BOWEN, plaintiffs in error, vs. JOHN SLAUGHTER and AMOS BROWN, defendants in error.

A grant was issued to Alfred Brown. There was no such person. Held, that this made a case of *latent* ambiguity, and that *aliunde* evidence was admissible to show who was the person meant.

In Equity, from Marion County. Decision by Judge WORRILL, September Term, 1857.

Alfred Bowen, in the year 1825, being a resident of Stokes district in the county of Morgan, and entitled, under the Acts of 1825 and 1826, for the distribution of the land acquired of the Creek Nation of Indians, to two chances or draws in the land lottery of 1827, gave in his name to the receivers of names in Stokes district. Through some mistake in entering or transcribing the name of Alfred Bowen into the book sent to the Executive Department, instead of the name of *Alfred Bowen*, the name of *Alfred Brown* was was returned. The name of Alfred Brown, so returned, drew a lot of land, No. 82, in the 31st district of, originally Lee, but now Marion county, and a grant to this lot was issued to the name of Alfred Brown. Alfred Bowen never knew that any mistake had been made in the return of his name, and up to the time of his death supposed that his name had drawn nothing in the lottery. Amos Brown, who at that time resided in Stokes district, and had sent in his name and drawn a lot of land at the same lottery, took out a grant to the lot of land in question, in the name of Alfred Bowen, and some time after sold the same lot to John Slaughter, who entered upon the same and claimed it as his own property.

Under these circumstances, John Bowen, the son, and Nancy Bowen, the widow of the said Alfred Bowen, filed their bill in equity against John Slaughter and Amos Brown, stating the facts above set out and charging that Amos Brown took out the grant to the lot in question, well know-

ing that it properly belonged to Alfred Bowen and not to himself, and that John Slaughter had purchased the same from Amos Brown with full knowledge of the fact that Amos Brown was not rightly entitled thereto, and that Amos Brown persuaded him to make the purchase by an assurance that he (Amos Brown,) would hold him harmless in case of any litigation as to the lot of land, instituted by the said John Bowen and Nancy Bowen. By their bill they prayed that it might be decreed by the Court that the lot of land so drawn in the name of Alfred Brown, was the right and property of the plaintiffs as heirs at law of the said Brown, and that the defendants should deliver the same up to them, and might account to the plaintiffs for the rents and profits in respect of the lot of land, during the time they had occupied the same.

Attached as exhibit to this bill, was a list of the names of the persons in Stokes district entitled to draw in the lottery, and from which it appeared that no person of the name of Alfred Brown, lived at that time in that district.

To this bill a demurrer was filed by the defendants on the following grounds:

1st. There is no equity in complainant's bill of complaint.

2d. Because complainants showed by their own bill that they have no title to the lot of land mentioned in the said bill.

3d. Because complainants cannot, in this indirect way, perfect an inchoate title, even if it be true that a mistake occurred as charged in the bill.

4th. Because complainants, by their own showing, have a good and perfect remedy at common law if they have any right at all.

5th. Complainants by their own showing, exhibit the fact that this defendant has a good statutory title, by the possession of the said lot of land more than seven years continuously, immediately preceding the commencement of said cause in equity, and that under color of title.

Bowen and Bowen vs. Slaughter and Brown.

The Court sustained the demurrer and dismissed the bill, and to this decision of the Court below the present bill of exceptions was filed.

Fish & Robinson, represented by B. Hill, for plaintiffs in error.

Blandford & Crawford, *contra.*

*By the Court.*—Benning, J. delivering *the* opinion.

Was the Court right in sustaining the demurrer and dismissing the bill?

The case presented by the bill, is one of *latent* ambiguity. The grant, upon its face, shows nothing ambiguous. It is to Alfred Brown, and there is nothing on its face to show, that no such person as Alfred Brown ever existed. When, however, enquiry outside of the grant, comes to be made for this Alfred Brown, no such person is to be found. This outside enquiry shows the grant, which had appeared unambiguous, to be ambiguous. The case becomes one of *latent* ambiguity.

And *aliunde* evidence is admissable for the purpose of clearing up a latent ambiguity. One of Bacon's maxims is: *Ambiguitas verborum latens verificatione suppletur; nam quod ex facto oritur ambiguum, verificatione facti tollitur.* 1, *Green. Ev.* 297; *Doe d. Henderson vs. Hackney, (Atlanta, Aug.* 1857.)

And this, if not more than this, is "*declared*" to be the law by an Act of the last Legislature.

The complainants then, may, at law, show, if they can, by parol evidence, what they allege to be true in their bill. And if they can do this at law, they have no right to come into equity.

We think that the Court was right in dismissing the bill.

Judgment affirmed.