DAWSON A. WALKER, guardian, plaintiff in error, vs. ANDREW J. WELLS, defendant in error.

A grant was to "Berry Stephens, orphan." There was no person of that name, but there was a person who was the orphan of Berry Stephens.

*Held*, that parol evidence was admissible, to show him the person meant.

Ejectment, from Gordon county. Tried before Judge TRIPPE, September Term, 1857.

This was an action of ejectment, for the recovery of a lot of land No. 282, of the 13th district and 3d section of Gordon county.

Upon the trial the plaintiff introduced the grant of the lot in question, from the State, to Berry Stephens, orphan, of the 633d district of Dooly county. He also introduced his letters of guardianship.

Plaintiff then tendered in evidence the depositions of Amos Lane, and Elizabeth Lane his wife, Granville White, and Nancy White his wife. These depositions went to prove that Berry Stephens, in 1823, married Elizabeth White, and died in 1825 or 1826, leaving an only child called William Henry Stephens; that Elizabeth Stephens then moved to her father's, in Twiggs county, with the said William Henry Stephens; and that her father moved to Dooly county, with his daughter Elizabeth and grand-son William Henry Stephens; and that William Henry Stephens lived in the 633d district of Dooly county at the time of giving in for draws in the Cherokee land lottery; that Elizabeth Stephens gave in for Berry Stephens' orphan, William Henry Stephens. The witnesses also stated that they did not think it possible that there was any other person in the said district answering the description; that Elizabeth Stephens, in 1834, married Amos Lane, who died in 1839; that the friends of William Henry Stephens have always considered the lot of land as belonging to him, and have paid taxes for it as his property; that the

said Elizabeth Stephens was illiterate, and that the mistake may have occurred by her giving in the wrong name.

To the introduction of this testimony the defendant objected, on the ground that it was in contradiction of the grant, and therefore not admissible.

After argument, the Court sustained the objection and rejected the evidence.

The plaintiff thereupon excepted, and submitted to a nonsuit.

WALKER, for plaintiff in error.

AKIN; and WOFFORD, *contra*.

*By the Court.*—BENNING, J. delivering the opinion.

Were the depositions admissible, as evidence?

They were if the case was one of *latent*, and not one of *patent*, ambiguity.      Lord Bacon's maxim is, " *Ambiguitas verborum latens verificatione suppletur ; nam quod ex facto oritur ambiguum, verificatione facti tollitur.*"

And this case *was* one of latent ambiguity.    Lord Bacon says: " *patens*," (*ambiguitas,*) is that which appears to be ambiguous upon the deed or instrument; *latens* is that which seemeth certain and without ambiguity, for any thing that appeareth upon the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity."

In the present case, the grant is plainly a grant to Berry Stephens, an orphan.    It is, therefore, a grant upon the face of which, there is nothing ambiguous.

But it turns out, that there was never such a person as Berry Stephens, an orphan.    It must be, that some *person*, not a mere *name*, was meant.    Who then was the person meant by the name?    This is the necessary question.    Who he was is ambiguous—doubtful.

Walker, guardian, vs. Wells.

. Here then is a "collateral matter out of the" grant, "that breedeth the ambiguity." The case, therefore, is one of *latent* ambiguity; "therefore, it shall be holpen by averment." Of course averment may be supported by proof. 1 *Green. Ev. sec.* 297.

To this effect are *Greene vs. Barnwell*, 11 *Ga.* 283; *Henderson vs. Hackney*, 16 *Ga.* 525; *same case*, at Atlanta, Aug., 1857; *Ford vs. Allcorn*, at Atlanta, Aug., 1857; *Bowens vs. Slaughters*, Macon, Jan., 1858; and the *Act of 22d December*, 1857, declaratory of the law of evidence in such cases as the present.

To the contrary, I think, are *Sykes vs. McCrary*, 10 *Ga.* 465; and *Yawn vs. Tyson*, 15 *Ga.* 491; and, therefore, they are, in my opinion, wrong.

The decision made by this Court, in this case, when the case was in the form of a bill to correct the grant, went upon the assumption, that there was such a person, as Berry Stephens, an orphan, and that, it was he to whom the grant was really issued. On that assumption, the decision still seems to us right. 17 *Ga.* 550.

We think then that these depositions ought to have been received. They merely went to show who was the person meant by the name and description "Berry Stephens, orphan," there never having been any person in existence bearing that name and description.

The Court having excluded the depositions, it follows, that in our opinion, there ought to be a new trial.

New trial granted.