ISAAC BROOKING, tenant &c., plaintiff in error, vs. Lessee of WM. P. DEARMOND, for use &c., defendant in error.

[1.] A copy grant ought not to be received as evidence, without an excuse for the non-production of the original.

[2.] A grant was issued in the name of Boswell Cook, and a certificate of the Surveyor-General was offered in evidence, to show that the grant, by mistake, had been issued in the name of Boswell Cook, when it should have been issued in the name of Roswell Cook.

*Held,* That under the Act of 1857, for the admission of parol evidence to show mistakes in grants, the certificate was admissible.

[3.] A man who has no title, cannot recover in ejectment, although he alleges, that he demises to JOHN DOE, for the use of another man, who does have the title.

[4.] A judgment in one suit, is not a bar to another suit, if the parties in the two suits are not the same; or, if, although the parties in the two suits are the same, they sue, or are sued, in one suit, in a right different from the right in which, they sue, or are sued, in the other.

Brooking vs. Dearmond.

Ejectment, from Randolph county. Tried before Judge Kiddoo, November Term, 1858.

This. was an action of ejectment by John Doe upon the demise of William P. Dearmond, against Richard Roe, casual ejector and Isaac Brooking tenant in possession, for lot of land no. 79, in the 8th district of Randolph county. The declaration contained a demise to John Doe from Wm. P. Dearmond for the use of John R. M. Neal and laid no other demise.

At the trial plaintiff offered in evidence a copy grant from the State to Boswell Cook, for the lot in controversy; defendant objected to the introduction of the copy, until the loss of the original was shown, or the failure to produce it accounted for. The Court overruled the objection, and allowed the copy to be read, and defendant excepted.

Plaintiff next offered and read in evidence a copy deed from Cook to his lessor Dearmond, for said lot, dated 20th Sept., 1829 : proved the possession of defendant at the commencent of the suit and the value of themesne profits, and closed.

Defendant offered and read in evidence a deed from Dearmond to John R. M. Neal for the lot in dispute, dated 29th August 1850—before suit commenced. He then offered and read the record in an ejectment case in which said Neal was plaintiff and said Brooking was defendant, for the same land now sued for, by which it appeared that at the April Term, 1855, of Randolph Superior Court, there was a verdict for the defendant. This proof was in support of defendant's plea of former recovery &c. Defendant next offered in evidence the certificate of the Surveyor General, to show that Boswell Cook did not draw said lot of land, but that by mistake the grant was issued to Boswell Cook, instead of to Roswell Cook. Plaintiff objected to the introduction of this certificate; the objection was sustained by the Court, and the certificate repelled, and defendant excepted.

After reading the depositions of two witnesses, Kerr and Mann, defendant closed.

Plaintiff in reply, offered in evidence an agreement between R. G. Càrithers and A. Hood, the object of which was to show that in the ejectment case between J. R. M. Neal and defendant, the verdict and judgment in which, were plead and relied upon as a bar to any recovery in this suit, there had been a *rule nisi* for a new trial which was still pending, undisposed of by the Court. To the introduction of which defendant objected. The Court overruled the objection and defendant excepted.

The Court amongst other things, charged the jury, that they might find for the plaintiff, although he had conveyed the land to Neal before the commencement of the suit, and without any demise from Neal or in his name, provided they should be satisfied that Neal, was the real though not the nominal, party in interest.
To which charge defendant excepted.

Defendant requested the Court to charge the jury, that they could not find for plaintiff if there was no demise laid from Neal, and the title had been shown out of Dearmond, before the commencement of the suit.
The defendant further requested the Court to charge, that if the jury believed, that there had been a former recovery by Brooking in another suit, in the statutory form brought by Neal against Brooking as pleaded, that then they must find for the defendant, if they were satisfied that Neal was the real party in this suit.
Which charges the Court refused to give, but charged that if Neal was the real party in interest, though not nominally a party, the jury might find for his benefit in the name of Dearmond, although title may have passed out of Dearmond before suit brought; that as to the recovery by Brook-

ing against Neal in the other suit referred to, the agreement between Carithers and Hood operated as a *rule nisi* and superseded the judgment in that action.

To all of which charge and refusals to charge defendant excepted.

The jury found for the plaintiff, whereupon defendant moved for a new trial, on the ground of error in the rulings, charges, and refusals to charge excepted to above.

The Court refused to grant a new trial and defendant excepted.

DOUGLASS & DOUGLASS; and W. C. PERKINS, for plaintiff in error.

HOOD & ROBINSON, *Contra.*

*By the Court.*—BENNING, J. delivering the opinion.

[1.] It was wrong in the Court, as we think, to admit the copy grant to the jury, without requiring an excuse for the non-production of the original, either the excuse sanctioned by the rule of Court, or that sanctioned by the rule of the common law. See *Sutton vs. McLeod,* decided at Savannah, January Term 1859.

[2.] It was also wrong in the Court, as we think, to exclude from the jury, the certificate of the Surveyor General. That certificate went to show, that the grant was, by mistake, in the name of Boswell Cook, when it should have been, in the name of Roswell Cook. And the state of things might have been, that there was never any such person, as Boswell Cook, but was such a person as Roswell Cook. If that was the state of things, then it could not be, that any right could ever have vested in Boswell Cook, and, by consequence, it could not be, that any right could ever have been derived from Boswell Cook; Boswell Cook would be a nonentity, and a nonentity can neither receive nor impart.

Deeds in the name of a nonentity, must of necessity, be the work of some one assuming, or forging, the name of the nonentity. But under deeds so manufactured, no rights would vest as against the true owner. These things being so, the certificate going to show the mistake aforesaid, was rendered admissible by the Act of 1857, providing for the admission of parol evidence to show mistakes in grants.

Did the Court err in allowing Dearmond to read as evidence, the agreement entered into, in the first ejectment case, by Hood, the counsel for Neal, and Carithers, the counsel for Brooking? This agreement formed a part of that case, and as the Court had permitted Brooking to read in evidence, the other part of the case, it was but a matter of course, to let Dearmond read in evidence, this part, so, that the whole case might be before the jury. What the agreement was to be worth, when thus read in evidence, was another question; a question which, as it will be seen in the sequel, need not be decided.

Was the charge right? The charge was, that the jury might find for the plaintiff, Dearmond, although he had conveyed the land to Neal, before the commencement of the suit, and there was no demise laid in the name of Neal, provided, they believed, that Neal was the real, though not the nominal, party in interest.

This proviso we take to amount to this; provided the jury believed, that the action was brought by Dearmond *for the use of Neal.*

This being so, the charge amounts to this, that a man may recover in ejectment, although he has no title whatever, if he sues for the use of another man, who has the title. We are not aware of any law to authorize such a charge as this. In every case, as far as we know, in which the law allows one person to sue for another, some title must be in the former person. He must have the legal title, and the other person only the equitable. The payee of a bond, or of a promissory note not negotiable, who nevertheless assigns the bond, or

the note, may sue for the use of the assignee.   But he has the legal title still in him, and the assignee has acquired only the equitable title.   Whether there is any case in which one person may sue in *tort*—in trespass—for the use of another, we are not prepared to say.   But we do think, that if there is any such case, it must, at least, be a case in which, the person so suing, must have some title of some kind.

Now if the charge had been, that, although Dearmond having the title in him, had conveyed to Neal, yet Dearmond ought nevertheless to recover, provided, the conveyance to Neal was, on some account, void, the charge would have been right; that is it would, if authorized by the evidence; for, in that case, the conveyance to Neal being void, would count for nothing, and the entire title would be in Dearmond.

We think, then, that this charge of the Court, was erroneous.   If the legal title was in Neal, why did he not sue in his own name?   That would have been the regular mode; and would have been a mode by which, he would have obtained everything that he ought to have obtained.   If the legal title was not in him; if the deed to him was void, then the charge, besides not being law, was not suited to his case, for it assumed that the title had been "conveyed" by Dearmond to him; that is, it assumed, that the legal title was in him.

From what has thus been said of the charge, it is apparent that we must consider the first request to charge, of Brooking's counsel, to have been proper.

The other request of his counsel, was, that if there was a former recovery by Brooking in a suit in the statutory form, brought by Neal against Brooking, then the jury must find for the defendant, provided, Neal was the real party to the suit on hand.   We suppose that this proviso means; if the suit was brought *for the use of* Neal.   This request, the Court rejected, on the ground, that the agreement heretofore mentioned, made by the counsel in the former suit, superseded

the judgment in that suit. Whether this was a sufficient ground or not, we will not undertake to say, as we think, that there was another ground which was clearly sufficient.

[4.] And that ground was the fact, that the plaintiffs in the two suits, were not the same; or if the same he was not suing in the same right. In the former suit, the plaintiff was Neal; in the latter, the plaintiff was Dearmond. What the judgment in the former suit said, was, that Neal was not entitled to the land; but this was not saying that Dearmond might not be entitled to it. No; it was not saying so, even if Neal was claiming under Dearmond, for it might have been, that his deed from Dearmond, was, for some cause, void, in which case, his failure to recover, would not only be entirely consistent with Dearmond's having the title, but would really be evidence of Dearmond's having the title, the void deed never having had efficacy, to draw the title out of Dearmond.

The fact that the second suit was for the *use of Neal*, could make no difference.

For one of two things must be true; 1st, that Dearmond had the entire title, both legal and equitable; or, 2dly; that Dearmond had the legal title, and Neal, the equitable. And if it was the first that was true, then the second suit was entirely Dearmond's; as much so, as it would have been, if the allegation that it was for the use of Neal had not been in the declaration. And such allegation would be evidence merely, of a purpose in Dearmond, to bestow a gratuity on Neal. And if the suit was Dearmond's, to the full extent, then, there can be no pretence, to say that any judgment in a suit in which, not he, but Neal was the party, could be a bar to the suit.

And if it was the second of the two things, that was true, then, although we might say, that the suit was in reality Neal's suit, yet it would be a suit in which, he would be suing in a right different from that in which he sued in the

first suit. He would be suing in the right of *Dearmond*—be asserting Dearmond's legal title—whereas, in the first suit, he sued in his *own* right; he asserted his own equitable title, which being an insufficient title to sustain a suit for land, he failed in his suit. And when a man sues in one right, and fails, that is no reason why he may not sue again, in another right. If a man sues as executor and fails, may he not nevertheless, sue again in his individual capacity? most certainly he may. So, if a draft not negotiable, payable to A. is assigned to B. and B. sues on it in his own name, and fails for lack of having the legal title, is that a bar to another suit by him, in the name of A. for his use? Assuredly not; consequently, although Neal, suing in his own right, may have failed, that was no bar to his suing again in the right of Dearmond.

These, then, are the reasons, why we think, that the Court was right in refusing to charge, that the judgment in the first suit was a bar to the second suit.

New trial granted.