Doe, *ex dem.*, Tuggle and wife, *et al.*, plaintiffs in error, *vs.* Roe and John H. McMath, *et al.*, defendants in error.

(McCay, J., having been of counsel in this cause, did not preside.)

A grant issued to Isaac O. Holland, orphan. It appeared by parol that there was no such person as Isaac O. Holland, orphan, in the district at the time of giving in for draws, but that Isaac O. Holland's orphan, Mary Holland, was in the district and did give in for a draw : *Held*, that parol evidence of these facts, may be given to the jury, not to prove a mistake in the name of the grantee, but to give effect to the grant, by identifying the person intended as the grantee.

Ejectment. Explanation of grant. Decided by Judge Clark. Sumter Superior Court. April Term, 1869.

This was ejectment in favor of Doe on the several demises of Benjamin F. Tuggle and his wife, formerly Mary O. Holland, and H. S. and Eli S. Glover, executors of Eli Glover, deceased, against Roe, casual ejector, and McMath and John Teal, tenants, for lot of land No. 240, 26th district of said county.

The plaintiff read in evidence a grant of said lot from the State to "Isaac O. Holland, orphan," of Wilder's district, Jasper county, Georgia, dated 8th of November, 1837, the will of Eli Glover, deceased, and the letters testamentary on

his estate to said H. S. and Eli S. Glover, as his executors. They then proposed to show, by witnesses, the following facts: that no such person as Isaac O. Holland ever lived in said district; that Mary Holland did live therein at Lawson Holland's, till she married Tuggle; that Isaac O. Holland lived in Virginia, and died there in 1812 or 1813; that he was a brother of said Lawson Holland; that said Mary was the daughter of said Isaac O., and was an orphan; that she came to Georgia about 1819, lived in said Wilder's district in 1825-6-7, and when the draws were given in for. The object of this testimony being to show that the grant should have issued to Isaac O. Holland's orphan, Mrs. Tuggle, it was objected to and ruled out. The plaintiff, being unable to make out title without this explanation, was non-suited.

The rejection of said oral evidence is assigned as error.

JAS. J. SCARBOROUGH, (by S. H. Hawkins and Judge Richard H. Clark,) said that the evidence was admissible, citing *Bowen & Bowen vs Slaughter and Brown*, 24 *Ga. R.*, 338; *Walker vs. Wells*, 25 *Ga. R.*, 141; *Brooking vs. Dearmond*, 27 *Ga. R.*, 58[7]; *Sykes vs. McRory*, decisions of March Term, 1861, at Atlanta, 223. They said *Martin vs. Anderson*, 24 *Ga. R.*, 301; Code, sec. 2330; *Patterson vs. Buchanon*, 37 *Ga. R.*, 560, should be closely scrutinized. Act of 1857 was of force in 1860, and is adopted by Art. XI, sec. 3.

W. A. HAWKINS, for defendant in error, cited Code, sec. 2321, 10 *Ga. R.*, 470; 11 *Ga. R.*, 282.

BROWN, C. J.

Upon the authority of the former rulings of this Court, we are satisfied the parol evidence should have been allowed to go to the jury, to show that there never was any such person as Isaac O. Holland, orphan, in the district when the draw was given in, but that Isaac O. Holland's orphan, Mary Holland, who, with her husband, is the plaintiff in this case, did live in said district, and did give in, and draw the lot of land in dispute.

This presents the case of a latent ambiguity, and parol evidence is admissible, not to prove a mistake in the name of the grantee, but to give effect to the grant, by showing the person intended as the grantee. See *Bowen, et al., vs. Slaughter, et al.,* 24 *Ga.,* 338; *Walker vs. Wells,* 25 *Ga.,* 141; *Brooking vs. Dearmond,* 27 *Ga.,* 58; *Sykes vs. McRorey,* decisions at Atlanta, March Term, 1861, not yet published.

While there is some apparent conflict in the decisions on this question, we think those above cited lay down the correct rule, and we follow them.

Judgment reversed.