## ASH *v.* GIBSON *et al.*

The court below did not err in refusing to allow an amendment to the answer of the defendant to this suit, which sought to set up the verdict and judgment in another case as res adjudicata, adverse to the plaintiffs in this case. The parties to the two cases are not the same, and there was a material difference as to the issues involved.

No. 3166. FEBRUARY 16, 1923.

Equitable petition. Before Judge J. B. Jones. White superior court. February 18, 1922.

Gibson filed his petition against S. W. Ash, Farmers & Merchants Bank, and A. L. Dorsey, sheriff, alleging, in substance, that prior to 1914 W. A. Jackson had purchased from S. W. Ash certain land; that on March 5, 1914, there was a settlement between Jackson and Ash, and it was found that the balance due by Jackson to Ash was $803.17, that Jackson gave to Ash his note for that amount; that Ash at that time, desiring some ready cash, procured Jackson to borrow from the Farmers & Merchants Bank the sum of $471.75 for Ash; Jackson signing said note as principal, with Ash, John Turner, W. T. Potts, and E. K. Gibson as sureties, with the understanding between Ash and Jackson that when Jackson paid said bank the note for $471.75, the amount would be credited by Ash on the note held by Ash against Jackson for $803.17; and that said bank had full knowledge of the facts, and also held in its possession said $803.17 note. Thereafter suit was filed on both said notes. The defendants on the assurance of the bank that if no defense was filed the amount to be collected on both notes was to be only the sum due on the $803.17 note, made no defense that the $803.17 note was in the hands of the bank but that it was sued in the name of said Ash. Judgments were obtained on both notes. The execution against Jackson on the note for $803.17 was levied upon property of Jackson, which was sold for an amount sufficient to pay said judgment, and the proceeds of the sale were paid over to the bank. Notwithstanding the fact that the proceeds of the sale of the land of the principal were enough to pay the entire debt due both to Ash and the bank, the bank in collusion with Ash is proceeding with its judgment and has caused the execution issued thereon to be levied upon the property of the petitioner. He prays, that the defendants be enjoined from enforcing the fi. fa.;

that the fi. fa. be canceled and the judgment declared to be settled; and that Ash be enjoined from disposing of his property. — with an alternative prayer that if the fi. fa. should be allowed to proceed, he and his cosureties have judgment against Ash for the amount of the judgment against them.

W. T. Potts, one of the other sureties, intervened and was made a party plaintiff. Upon the trial the plaintiffs amended by alleging, in substance, the promise by Ash to save them harmless at the time he procured them to sign the note for $471.75, and their payment of the judgment based thereon; and they prayed judgment against Ash for the amount so paid. The jury trying the case rendered a verdict against Ash, as prayed for. Ash made a motion for a new trial, on the general grounds, which was refused. Errors are assigned on the refusal to grant a new trial, and on exceptions pendente lite taken to the refusal to allow an amendment to defendant's answer, wherein he sought to set up as res adjudicata a verdict and judgment on the issue made by an affidavit of illegality previously filed by E. K. Gibson to the levy of the fi. fa. on certain property of Gibson. The verdict and judgment rendered at the hearing of the illegality were against him and in favor of the plaintiff in fi. fa. The plaintiff in error does not, in his brief, urge or insist upon the grounds of his motion for new trial, but he does insist that the judgment of the court below should be reversed because of the error committed in refusing to allow the amendment to his answer.

*B. P. Gaillard Jr.,* for plaintiff in error.

*Underwood & Henderson, C. H. Edwards,* and *Charters, Wheeler & Lilly,* contra.

BECK, P. J. (After stating the foregoing facts.) The judgment of the court refusing to allow the amendment was not erroneous. The verdict and judgment in the illegality case are urged as res adjudicata against the case of the plaintiffs as made in the present suit in its entirety. There is no attempt in the rejected amendment to set up the plea of res adjudicata merely upon the question of payment to the bank; but it goes to the entire case as made by the petition and the prayers of the petition, as is shown in the statement of facts; not merely that the fi. fa. be surrendered and canceled and the judgment upon which it

was issued be declared settled, etc., but there is an alternative prayer, based on the equitable ground " that if on the final hearing of this case the said bank should be allowed to proceed with said fi. fa., that petitioner for himself and his cosecurities in that event have judgment against the said S. W. Ash for the amount originally due of said judgment, with interest and costs." This last prayer, and the facts alleged upon which it is based, introduced an equitable ground of recovery against Ash, which was not involved in the issues made by the illegality. For it appears from an examination of the fi. fa., to which the illegality was interposed, that it was proceeding by a levy upon the property of Gibson, and Gibson alone filed the affidavit of illegality. The execution itself was in favor of the Farmers & Merchants Bank and against W. A. Jackson, W. T. Potts, S. W. Ash, John Turner, and E. K. Gibson. Gibson, who filed the affidavit of illegality, set up the single fact that certain property had been sold under a levy made by virtue of a fi. fa. in favor of Ash against Jackson, that under an agreement between Jackson, Ash, and the bank the proceeds of the sale of that land should have been applied to this indebtedness, and that the proceeds exceeded the amount of the indebtedness due on this fi. fa. and were sufficient to cancel all the indebtedness of the bank. The verdict upon the issue thus made was adverse to Gibson and in favor of the bank. Gibson and the bank alone were parties to the issue made by the illegality. In the present case Ash is a defendant, and equitable relief is prayed against him. The parties are not the same, or, if they are substantially the same, the issue is not the same except in part. The prayer for recovery over against Ash was sufficient to make the issues different. " A judgment in one suit is not a bar to another suit, if the parties in the two suits are not the same, or if, although the parties in the two suits are the same, they sue, or are sued, in one suit, in a right different from the right in which they sue, or are sued, in the other." *Brooking* v. *Dearmond,* 27 *Ga.* 58 (4); *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (58 S. E. 93).

It appears from what is said above that the court below did not err in refusing to allow the amendment.

*Judgment affirmed. All the Justices concur.*