McALISTER and Others *v.* BUTTERFIELD and Others.

Will.—*Mistake.*—*Evidence.*—Parol evidence, or evidence *dehors* the will, is not admissible to correct an alleged mistake of a testator which is not apparent upon the face of the will.

Same.—A testator, having devised certain real estate to his widow for her life and directed that at her death it should be sold and the proceeds divided equally between his heirs, and bequeathed his personal estate to be equally divided between his lawful heirs, directed that the remainder of his real estate be sold and the proceeds "equally divided between my lawful heirs, *after deducting the amounts that the following named heirs have received:* ※ ※ ※ My daughter F. has received $2,100; J. has received $1,600. I want my heirs to be made equal, and the remainder of my estate to be equally divided between my heirs."

Complaint by F. and J. against the widow, the other heirs and devisees, and the executor, alleging, that the testator recited and charged said sums against the plaintiffs erroneously, through mistake and inadvertence; that, in truth, F. had received only $300, and J. had received no advancement whatever. Prayer, that the mistake be corrected, and that, in making distribution under the will, the advancement charged to J. be excluded, and that charged to F. reduced to $300.

*Held*, that the matter sought to be contradicted was not simply the recital of a fact (although if merely such the plaintiffs would, it seemed, have been estopped from denying the truth of the recital), but also a limitation upon the interest of the plaintiffs in the estate devised.

*Held*, also, that evidence *dehors* the will was not admissible to prove the alleged mistake. -

*Held*, therefore, that the complaint was bad on demurrer.

APPEAL from the Morgan Common Pleas.

Suit by Freelove McAlister and her husband, James McAlister, Joanna Breedlove and her husband, Thomas J. Breedlove, said Freelove and Joanna being daughters of John Butterfield, Sen., deceased, against John N. Gregory, executor of the last will of said decedent, and the other heirs and devisees of said John Butterfield, Sen.

The complaint alleges, that the decedent died, testate, seized and possessed of real and personal estate of the probable value of twenty-five thousand dollars, and leaving surviving him the defendant, Amanda Butterfield, (his widow,) and the plaintiffs and other defendants (except John N. Greg-

ory who is the executor of his will), his children and heirs at law; that by his will the deceased devised a portion of his property to his widow, and directed his executor to sell the residue and divide the proceeds thereof equally among his children; that in a recital of said will, wherein the deceased attempted to recite sundry advancements made to his children, he, through mistake and inadvertence, erroneously recited and charged against the plaintiff Freelove twenty-one hundred dollars, when in truth and fact he had advanced to her the sum of only three hundred dollars, and against the plaintiff Joanna sixteen hundred dollars, when in truth he had made to her no advancement whatever; that said executor had sold and converted the estate into money, and then had in his hands the sum of twenty-five thousand dollars for distribution, and was about to settle the estate and pay the legacies in accordance with the terms of said will, thereby deducting from the plaintiff Freelove's share twenty-one hundred dollars, and from the plaintiff Joanna's share sixteen hundred dollars, so charged against them by mistake. Prayer, that the mistake in the will be corrected, and that Freelove be charged with an advancement of only three hundred dollars, and Joanna with no advancement whatever.

The will is made an exhibit.

The first clause devises certain real estate, being the homestead, to Amanda, the widow, during her natural life; and by the third clause, the land devised to her for life is directed to be sold at her death, by the executor, and the proceeds of the sale equally divided between the heirs of the decedent, after paying the costs of the sale.

The fourth clause charges the personal estate with the payment of all the testator's debts and necessary expenditures, and directs that the residue be equally divided between his lawful heirs.

The fifth clause is as follows:

"5th. It is my further will that the remainder of my real estate be divided into four equal parts, according to the lines

by which it is now divided, and said lots of land be sold at public auction, to the highest bidder, and on such terms as my executor or administrator thinks best, and that the proceeds of said sale be equally divided between my lawful heirs, after deducting the amounts that the following named heirs have received: My son Velorus has received three hundred dollars; my son Meraum has received three hundred and seventy-five dollars; Luke G. has received three hundred dollars; Seymore A. has received three hundred dollars, also two hundred dollars, the balance due me on ten acres of land which I sold him for four hundred dollars, in the year 1858, making in all five hundred dollars; my daughter Freelove has received twenty-one hundred dollars; Joanna has received sixteen hundred dollars. I want my heirs to be made equal, and the remainder of my estate to be equally divided between my heirs."

The court sustained a demurrer to the complaint, on the ground that the facts alleged do not constitute a cause of action, and rendered final judgment for the defendants. The plaintiffs excepted, and appeal to this court.

ELLIOTT, C. J.—The error assigned is, that the court erred in sustaining the demurrer to the complaint.

The question presented in the case arises on the fifth clause of the will, in which the testator charges his daughter Freelove with twenty-one hundred dollars, and his daughter Joanna with sixteen hundred dollars, as having been received by them from him prior to the execution of the will. It is alleged in the complaint, that Freelove had only received the sum of three hundred dollars, and that Joanna had received no advancement whatever. The object of the complaint is to reform the will, by correcting the alleged mistake, and to thereby exclude the advancement charged to Joanna, entirely, and reduce that charged to Freelove to three hundred dollars, in making the distribution under the will.

The alleged mistake is not apparent on the face of the

will, nor is there anything obscure or ambiguous in its language in reference to the several amounts so advanced; on the contrary, it is clear and positive. Hence the mistake, if any, must be proved by parol and extrinsic evidence, *dehors* the will; which is clearly inadmissible.

In the case of *Mann* v. *Mann's Executors*, 1 Johns. Ch. 231, Chancellor KENT, in delivering the opinion, said: "It is a well settled rule, that seems not to stand in need of much proof or illustration, for it runs through all the books from *Cheyney's Case* down to this day, that parol evidence cannot be admitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator, except in two specified cases: 1. Where there is a latent ambiguity, arising *dehors* the will, as to the person or subject meant to be described; and, 2. To rebut a resulting trust. All the cases profess to proceed on one or the other of those grounds."

The whole question is quite fully discussed in the 10th chapter of Redfield on Wills (p. 498), in which many of the adjudicated cases, both English and American, are referred to, and the rule is stated thus: "It seems perfectly agreed, that parol evidence is not admissible, to supply any omission or defect in a will, which may have occurred through mistake or inadvertence." See, also, 2 Phillipps Ev. 637.

The case of *Jackson* v. *Payne's Executors*, 2 Met. Ky. 567, was very similar to the case at bar, and involved precisely the same question. There the residuary clause of the will was as follows: "It shall be equally divided between my son Remus, and my daughters Eliza Estill, Anna Jackson, and Lydia Taylor, subject to the limitations, conditions, and trusts hereinafter provided." The will contained this further clause: "I have made advances to those four children, which advances I deem about equal." Jackson purchased a tract of land, at a sale thereof by the executors of the testator, and, when sued for an instalment of the purchase money, set up in his answer, that the testator by

his will "contemplated and intended an equal distribution of his estate among all his children, but through inadvertence and mistake in estimates of amounts advanced, his will, if literally carried out, would leave defendant's wife, Anna, who is one of the testator's children, with less than any of his other children to the amount of at least seven thousand five hundred dollars." Other facts were alleged to show how the error had occurred, &c. It was held, that the express terms of the will could not be contradicted or explained by parol testimony, and that a court of equity had no power to alter or modify it. In discussing the question it is said, in the opinion of the court, that "the general rule is, that parol evidence of the intention of a testator is inadmissible for the purpose of explaining, contradicting, or adding to the contents of a will; but that its language must be interpreted according to its proper signification, or with as near an approach thereto as the body of the instrument, and the state of the circumstances existing at the time of its execution, will admit of. The doctrine is, that courts of equity have jurisdiction to correct mistakes when they are apparent upon the face of the will, but the mistake must be apparent on the face of the will, or must be one that may be made out by a proper construction of its terms, otherwise there can be no relief. Parol evidence, or evidence *dehors* the will, is not admissible to vary or control the terms of the will, although it is admissible to remove a latent ambiguity." See, also, *Brown* v. *Thorndike,* 15 Pick. 388; *Bond's Appeal,* 31 Conn. 183; *Hiscocks* v. *Hiscocks,* 5 M. & W. 362; *Newburgh* v. *Newburgh,* 5 Madd. 364; *Miller* v. *Travers,* 8 Bing. 244; *Walston's Lessee* v. *White,* 5 Md. 297; *Judy* v. *Williams,* 2 Ind. 449.

But it is claimed, that the statement in the will, of the amounts received by the appellants, can only be regarded as the recital of a fact, and that such a recital is only *prima facie* evidence of the fact recited, and may be disproved by evidence *aliunde.* If the charge in the will of advancements to the appellants were merely the recital of a fact, as

it is claimed, still, as the appellants claim under the will, they would, it seems, be estopped from denying the truth of the recital.

In *Denn* v. *Cornell,* 3 Johns. Cas. 174, the will of the testator contained the following clause: "And whereas I have conveyed to my son Cadwallader my lands in Coldenham, and to my son David, my lands in the township of Flushing, I give and devise all my remaining lands to my sons Cadwallader and David, and to my daughter," &c. It was held by Chancellor KENT, that the heir of the testator was estopped to deny that the premises referred to in the recital were conveyed to David; that it was an act of the ancestor to whom the heir was a privy, and he was therefore estopped to deny its truth. See, also, Washb. Real Prop. b. 3. ch. 2, § 6, 29.

But here the matter sought to be contradicted cannot be regarded simply as the recital of an independent fact. It is more; it charges the appellants with certain sums received by them from the testator, and thereby limits the interest in the estate devised to them, and lessens the amount that would otherwise have been given to and received by them on distribution. It is a limitation upon the interest of the appellants in the estate devised.

This they seek to remove by evidence *dehors* the will, to thereby increase their interest in the estate devised. Such evidence would be a clear violation of the rules already stated.

In argument, much stress is placed on the concluding words of the clause, viz: "I want my heirs to be made equal, and the remainder of my estate to be equally divided between my heirs." Construing the whole clause together, it is clear that it was the intention of the testator that, in the distribution of his estate, the advancements charged should be taken into the account, and the fund arising from the sale of the lands should be so distributed as, when taken in connection with the amounts charged as having been advanced to a part of the heirs, would make them all

equal. A preceding part of the clause, after providing for the sale of the lands, directs that the "proceeds of said sale be equally divided between my lawful heirs, after deducting the amount that the following named heirs have received." This language, if literally construed, would not make the heirs equal, which was the evident intention of the testator, but the language used did not clearly express that intention; and hence the concluding words, which were, doubtless, intended to explain what was meant by the words previously used, "after deducting the amount that the following named heirs have received;" and such is clearly the effect of the concluding words of the clause.

The court did right in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*C. F. McNutt* and *A. Ennis*, for appellants.

*S. Claypool* and *F. P. A. Phelps*, for appellees.