### SENECA BUNNELL v. NOAH L. BUNNELL.

1. *Parol Evidence to Correct a Will.*—Parol evidence is not admissible to correct a supposed mistake in a will.

2. *Parol Evidence as to Agreement to Purchase a Legatee's Interest.*—An agreement to purchase the interest of a legatee in the testator's estate may be proved by parol. Such evidence does not tend to contradict, vary or construe the terms of the will even where the agreement involves a release from an obligation imposed by the will.

Filed May 14, 1881.

Appeal from Clinton Circuit Court.

John A. Stein, Joseph Claybaugh and B. K. Higinbotham, for appellant, cited Jarman on Wills (8th rule); *Lutz* v. *Lutz,* 2 Blackf. 72, note 1; *Miller* v. *Adkinson,* 32 Ind. 433; *McAllister* v. *Butterfield,* 31 Ind. 25, as to extrinsic evidence to change the terms of a will. Redfield on Wills, 572; *Heady, ex'r.* v. *State,* 60 Ind. 316, as to erroneous construction of will. *Judy* v. *Williams,* 2 Ind. 449; *Grimes' ex'rs.* v. *Harmon,* 35 Ind. 198, as to explaining intention of testator.

Opinion of the court by Mr. Justice Elliott.

Appellant was the plaintiff below. He sets out in his complaint a will executed by Noah Bunnell, deceased, the father of the parties to this action. Item first bequeaths to the testator's wife the rents and profits of all his real estate, and item second all his personal property. Item third is the one upon which this controversy arises, and is as follows: "Third. In consideration of the advances made to my children, and the payments to be made by my son, Noah Leroy

Bunnell, after my decease, to equalize the proceeds of my estate among all my dear children, I will and bequeath to my youngest son, Noah Leroy Bunnell, all my real estate, on condition that he will pay and satisfy my son, Seneca Bunnell, the sum of one thousand five hundred dollars in one year from my decease and the decease of my beloved wife, and that my two sons, Daniel James and Seneca, pay to my daughter, Harriet Chaney, the sum of two hundred dollars in one year."

The complaint alleges that the testator died the owner of the lands described in item first; that his widow took under the will; that she died on the 27th day of July, 1876; that since her death Noah L. Bunnell has been the owner of said lands under said will, and in possession thereof; that more than a year has elapsed since the death of said widow; that demand has been made of said Noah L. Bunnell for the sum of one thousand five hundred dollars, and that he wholly failed and refused to pay said sum or any part thereof.

The first question which the record presents, arises upon the ruling of the court upon appellant's demurrer to the amended second paragraph of appellant's answer. This paragraph admits the allegations of the complaint, but endeavors to avoid them by affirmative matter. The substantive allegations of the paragraph under mention may be thus summarized. At the time of the execution of the will, appellee had advanced appellant $1,500, which was paid by appellee, and received by the appellant as advancement upon his interest in his father's estate; that the advancement was made pursuant to a contract previously entered into between the parties, in which the appellee had agreed to give, and appellant to accept $3,000 for all his right and interest in the said testator' estate; that at the time of the execution of the will, there was due from appellee upon such contract $1,500; that the testator knew of said contract and advancement of $1,500 by appellee, and that for the purpose of compelling the carrying out the said contract, he incorporated in his will the provisions of item third. It is also averred, in conclusion, that the appellee paid to appellant the said sum of fifteen hundred dollars, "that it is the sum which would be due the appellant if said contract was carried out according to the terms thereof," and that the said payment was made since the execution of the will.

The second question presented arises upon the ruling on the demurrer to the third paragraph of appellant's answer. This paragraph is very similar to the second. In two particulars it differs from it. The first point of difference is that the third paragraph avers that the testator was a party to the contract wherein appellant sold his interest to appellee. The second point of difference is that the allegation of payment in the third paragraph is much more full and explicit than in the second. We quote the averment of the third paragraph, as to payment: "Defendant further avers that at the time of the payment of said fifteen hundred dollars plaintiff well knew of the existence and contents of said will; also, that defendant was paying said sum in discharge of his obligation created by said will, and plaintiff then and there so received and accepted the same."

Appellant contends that both of these paragraphs were bad and that the demurrers ought to have been sustained. It is said that they are bad because they attempt to vary the provisions of the will by parol. The appellant is unquestionably correct in saying that "extrinsic evidence is not admissible to alter, detract from, or add to, the terms of a will." It is also true that parol evidence is not admissible to correct a supposed mistake in a will. The case of *McAllister* v. *Butterfield*, 31 Ind. 25, affords a very striking illustration of this rule. The answers contain allegations which do seem to trench upon the rule referred to, but independently of these allegations we think a defense is stated. What is stated in the answers as to the knowledge and intent of the testator may be rejected as surplusage and a valid defense will remain. Rejecting all such matters we find these material facts: That appellant agreed to sell to appellee all his interest in the estate of the father for three thousand dollars; that on this contract $1,500 was paid before the execution of the will and the remainder after its execution, and that the last payment was made in discharge of the obligations imposed upon appellee by the will. It thus appears that there was a contract; that it was fully performed by the appellee, and that this performance was accepted by the appellant. Having accepted performance of this contract, as the demurrer admits the appellant did, the latter is not in a situation to demand the legacy bequeathed by the will in addition to the three thousand dollars already paid to

and received by him for his right and interest in the estate of his father. The will is not affected by such a contract and its performance. The obligation imposed by the testator is, however, extinguished.

It is argued with ability and earnestness that the answers are bad because they set up an erroneous construction of the will. Counsel are right in affirming that an answer is bad which alleges as a defense a construction which the instrument will not bear. There are some portions of the answers under examination which deserve the censure which counsel bestow upon them, but there are also the material facts already mentioned directly stated, and fully admitted by the demurrers, which, in our judgment, make the answers good.

The ruling denying a new trial is assigned for error. Complaint is made of the action of the court admitting evidence of the agreement of appellee to purchase the interest of appellant in the estate of their father. In this ruling there was no error. The evidence did not contradict, vary, or alter the terms of the will. The agreement proved was altogether distinct from, and independent of, the will of Noah Bunnell. It is true, as appellant contends, that the evidence could not alter the provisions of the will, but this does not prove it to have been incompetent. It was competent, not for the purpose of varying the will, but for the purpose of showing a contract between appellant and appellee, whereby the latter acquired the interest of the former in his father's estate, and a release from the obligation imposed by the father's will. Nor was the evidence competent for the purpose of construing the will, although there are cases where it is proper to prove the surrounding circumstances, but it was competent for the purpose of showing an extinguishment of the liability imposed upon the appellant by his father's will. It was proper to prove the contract, performance and acceptance, and when this was satisfactorily done the appellant was released from payment of the sum charged upon the real estate devised to him. The legatee had a right to sell, and appellee a right to buy, the legacy, and if the former entered into a contract fully extinguishing such legacy, his rights were gone as soon as the appellee had fully performed his part of the contract. It cannot be doubted that a legatee may release another from pay-

ment of the legacy, although payment be expressly charged upon the land devised to the person charged with the payment of the legacy.

It is vigorously insisted that the verdict is not sustained by the evidence. We have carefully read the evidence, and have found some evidence sustaining the verdict, although it is not of the most satisfactory character. The evidence is not, it is plain, very fully stated in the bill of exceptions, and we cannot secure as full an appreciation of its force and effect as the court and jury who tried the cause, therefore we deem it better to allow their conclusion to remain undisturbed.

Judgment affirmed.