Judy *et al.* *v.* Gilbert.

---

------♦♦♦------

No. 8043.

## JUDY ET AL. *v.* GILBERT.

WILL.—*Intention.—Parol Evidence.*—The intention of a testator must be gathered from the will itself, and its legal meaning and effect can not be varied by parol evidence.

SAME.—*Mistakes.*—Mistakes in a will can not be corrected by courts, except in cases where the mistake is apparent on the face of the will. It can not be done by extrinsic evidence.

SAME.—*Description of Real Estate.*—A., desiring to buy the "northeast quarter of the southeast quarter" of a certain section of land, borrowed from his wife money to pay therefor, agreeing that, if she would loan it to him, he would devise the land to her for life, with remainder to her children, and in pursuance thereof made his will, intending to devise such land to her, but, by mistake, the land was described in the will as the "northeast quarter of the southwest quarter" of the same section, which tract the testator never owned.

*Held*, that there was no mistake apparent on the face of the will, and that parol evidence is inadmissible to show that the testator intended to describe a different tract from that named in the will.

CONTRACT.—*Specific Performance.—Statute of Frauds.—Pleading.—Possession.*—Where the possession of land is relied upon to take a contract for the conveyance thereof out of the statute of frauds, as a part performance, possession must be taken under such contract and in pursuance of its provisions, and a complaint for specific performance of such contract must so aver.

PRACTICE.—*Pleading.—Complaint.*—A plaintiff can not base his complaint upon one definite theory, and then claim a right to relief upon another.

From the Lagrange Circuit Court.

*G. M. McDonald, G. A. Cutting* and ——— *Ballou*, for appellants.

*J. D. Ferrall*, for appellee.

ELLIOTT, C. J.—A single error is alleged, and that is assigned upon the ruling sustaining appellee's demurrer to the complaint of the appellants. The material facts stated as the cause of action may be thus summarized: John Hall desired to buy a certain tract of land described as "The northeast quarter of the southeast quarter of section 29, township 37 north, of range 11 east, situate in Lagrange county, Indiana." He borrowed money from his wife to buy the land, and promised her that if she would lend him the money he would devise the land to her for life and remainder in fee to her children; that in September, 1843, the testator was the owner of the land above described and of no other; that, pursuant to his agreement with his wife, he made his will, intending to devise to her the said land; that, by mistake of the draftsman employed to prepare the will, the land was wrongly described as "the northeast quarter of the southwest quarter of section 29, in township 37;" that the testator did not then own, nor did he at any time own, the land described in the will; that the widow of the testator took possession of the said northeast quarter of the southeast quarter of section 29, township 37, range 11 east, under the will; that she remained in possession until her death.

The appellants insist that the will conferred title upon the widow during life and remainder in fee to her children. This general position is based upon these propositions:

*First.* That a will must be construed so as to carry into effect the intention of the testator, and that it is clear that the testator intended to devise the land of which the widow took possession to her.

*Second.* That as the testator owned but one tract of land, and as the only error in the description consisted in writ-

ing the word "west" after the word "south," instead of the word "east," the misdescription should be corrected.

Of these in their order :

*First.* It is undoubtedly true that the intention of the testator must govern, but this intention must be gathered from the will itself. Parol evidence can not be used to add to, or take from, the will. The instrument may be read by the light of surrounding circumstances, but its legal meaning and effect can not be varied by parol evidence. This is a cardinal principle, and is, in truth, a rule without an exception. To permit evidence of the character insisted upon by appellants to control the plain and unambiguous words of the will, would be a direct violation of this elementary rule.

*Second.* Mistakes not apparent on the face of the will can not be corrected by the court. Courts must construe and enforce wills as they are written. To undertake to correct mistakes upon extrinsic evidence would be to supply the place of written instruments with verbal statements, and would often result in the court's making the will instead of the testator. The position of appellant's counsel is, that the will should be treated, not as devising the land actually described therein, but as devising land of which the testator died the owner. In support of this position, counsel cite the case of *Cleveland* v. *Spilman*, 25 Ind. 95. In that case, the language of the testator was, "my land, being the south half of the northeast quarter of section 36, township 3 south, of range 12 east, I do * bequeath to my wife, Eliza." The court, in its opinion in that case, placed great stress upon the clause, "my land," and very properly, for these words were of themselves sufficient to carry the land then owned by the testator. The attempt to specifically describe the land did not make nugatory the general description. There was, in the case cited, no need of looking beyond the will, for the language used by the testator furnished all the needed information of the testator's intention. In *McAlister* v.

*Butterfield*, 31 Ind. 25, the court held that mistakes in a will can not be corrected by the courts, except in cases where the mistake is apparent upon the face of the will itself. The earlier case of *Judy* v. *Williams*, 2 Ind. 449, declares and enforces the same principle, and in the case of *Grimes' Ex'rs* v. *Harmon*, 35 Ind. 198, the court approved the doctrine of the earlier cases. In the case last cited, the court quoted, with approval, from the opinion in *Jackson* v. *Payne's Ex'rs*, 2 Met. (Ky.) 567, the following: "The doctrine in regard to mistakes in wills is, that courts of equity have jurisdiction to correct them when they are apparent upon the face of the will, and must be such as may be made out by a proper construction of its terms, otherwise there can be no relief." In the case of *Bunnell* v. *Bunnell*, 73 Ind. 163, the doctrine of the cases cited was again approved.

The rule recognized by our cases is an old one, and is well supported by both the ancient and modern authorities. Lord Coke, in *Cheyney's Case*, 5 Rep. 68, said: "In a devise of land by writing, an averment out of the will should not be received. For a will concerning land ought to be in writing, and not by any averment of the same, otherwise it were a great inconvenience that not any may know by the written words of the will what construction to make, if it might be controlled by collateral averment out of the will." The cases cited by appellant, holding a different doctrine from that approved by us, we think wrong in principle, and in conflict with authority. Among the later cases holding the same doctrine as that of this court may be cited *Bishop* v. *Morgan*, 82 Ill. 351; *Kurtz* v. *Hibner*, 55 Ill. 514; *Fitzpatrick* v. *Fitzpatrick*, 36 Iowa, 674; *Reynolds* v. *Robinson*, 82 N. Y. 103; *Griscom* v. *Evens*, 1 Am. Probate Cases, 130.

There is no mistake upon the face of the will which is here the subject of investigation. There is no latent ambiguity. The property devised is accurately described. The claim is not that there is an inaccurate description apparent

upon the face of the will, but that the testator ought to have. described some other property. The court is asked to admit parol evidence to show, that, although the testator described with perfect accuracy one parcel of land, he meant another. The bare statement of appellant's position exposes its hostility to fundamental and salutary principles of jurisprudence.

It is argued that the parol contract set forth in the complaint should be specifically enforced and a conveyance of the land ordered to be made to appellant. Waiving all other objections to this argument, we state two which are fatal to its validity. The complaint is not so framed as to present a right to have specific performance of a contract. It presents only the question as to complainant's rights under the will of John Hall. A complainant can not base his complaint upon one definite theory, and then claim a right to relief upon another. *Lockwood* v. *Quackenbush*, 83 N. Y. 607. If, however, the complaint were so framed as to make a case for specific performance, it is fatally defective. It shows a verbal contract for the conveyance of land, and one fully within the statute of frauds, but fails to show any part performance taking the case out of the statute. In order to take such a case out of the statute, possession must be taken under the contract. It is not enough that possession is taken; it must be taken under the verbal contract and pursuant to its provisions. *Rucker* v. *Steelman*, 73 Ind. 396; *Neal* v. *Neal*, 69 Ind. 419. The complaint does not allege that possession was taken under the verbal agreement, but, on the contrary, shows possession under another and distinct claim.

Judgment affirmed, at costs of appellant.

WOODS, J., absent.