Funk v. Davis *et al.*

Filed Oct. 15, 1885.

---

### No. 11,741.

### Funk v. Davis et al.

Review of Judgment.—*Amended Supersedes Original Complaint.*—It is not necessary, in a complaint to review the proceedings and judgment in an action, to set out the original where an amended complaint was filed therein.

Same.—*Record.*—*Practice.*—No more of the record of the case to be reviewed is required to accompany the complaint or bill for review than is necessary to present the question upon which error is predicated.

Same.—*Demurrer.*—A complaint properly assigning one good cause for review will not be bad because others are not well assigned.

Same.— *Will.*—*Mistake in Description of Land Devised.*—*Evidence.*—An alleged mistake in the description of land devised can not be corrected by the admission of extrinsic evidence, unless the language of the will itself furnishes the basis of the correction; and where, in violation of this rule, a judgment is rendered so correcting a description in a will, a complaint to review will lie.

Same.—*Demurrer.*—Where a complaint to review a judgment does not show on its face that it was not filed within a year from its rendition, such defect can not be reached by demurrer.

Practice.—*Minors.*—The fact that a complaint fails to aver that some of the plaintiffs are minors, suing by their next friend, will not make it bad on demurrer.

Same.—*Caption of Complaint.*—Naming plaintiffs in the caption of a complaint as minors suing by next friend is not a sufficient averment of minority.

From the White Circuit Court.

*M. M. Sill, T. F. Palmer* and *J. H. Wallace,* for appellant.
*W. E. Uhl,* for appellees.

MITCHELL, C. J.—So far as necessary to be stated, the facts disclosed in this record are as follows: By the second clause of the will of Isaac Davis, there was devised to William Dayton Funk the "northwest quarter of the northwest quarter of section twenty-seven (27), the north half of the southwest quarter of the northwest quarter of said section, and the south half of the northeast quarter of the southwest quarter of section twenty-two (22), all in township twenty-eight (28) north, of range three (3) west." The will bears date the 29th day of August, 1876. The testator died in 1878.

On the 20th day of August, 1879, William D. Funk commenced a proceeding in the White Circuit Court to correct an alleged mistake in the description of the land devised to him by the foregoing clause in the will.

It was averred in the complaint that, at the time the will was made, the testator was not the owner of the land described, lying in the *northwest* quarter of section twenty-seven, but that, instead, the land owned and intended to be described and devised to him, was the same description lying in the *northeast* quarter of the section mentioned; that by mistake the testator gave to the draftsman who prepared his will the words *northwest* when he meant *northeast.* The prayer of the complaint was that the mistake might be corrected, etc.

The record shows that, on the 6th day of November, 1879, an amended complaint was filed, setting up substantially the same facts, but making new parties, against whom process of the court was prayed. Some of the defendants disclaimed any interest in the controversy; others demurred to the complaint for want of sufficient facts, and still others, whose minority was suggested, answered in denial by a guardian *ad litem.* The demurrer to the complaint was overruled, to which ruling an exception was taken. Upon issues made the

cause was submitted to the court, and on the 30th day of January, 1880, a finding was made and decree entered, correcting the alleged mistake, quieting the title and appointing a commissioner to convey as prayed in the complaint.

After the decree was entered, a motion for a new trial was made, overruled and excepted to, and this was followed by a motion in arrest, which was also overruled and excepted to.

On the 2d day of January, 1882, a complaint to review the foregoing proceedings and judgment, for error of law appearing therein, was filed in the same court. Some of the complainants are described in the caption of this complaint as adults, and others as minors, the minors suing by their next friend. All the pleadings and proceedings in the original case are set out except the original, which was superseded by an amended complaint.

The errors assigned in the complaint for review are, that the complaint did not state facts sufficient to constitute a cause of action; that a new trial ought to have been granted; that the motion in arrest of judgment should have been sustained, and that the court erred in overruling the same.

A demurrer was overruled to this complaint, and such further proceedings had thereon as that upon issues made the court found in favor of the infant plaintiffs and against those who were described as adults, and accordingly judgment was entered, over a motion for a new trial, reviewing and setting aside the original judgment as to the infants, and further adjudging that the adult plaintiffs take nothing by their proceeding.

Subsequently, a demurrer was sustained to the complaint in the original case, and, the plaintiff failing to plead further, it was adjudged that he take nothing by his action.

The first point of contention by counsel for the appellant is, that the complaint for review was not sufficient, because it did not set out with the transcript of the original proceedings a copy of the first complaint filed. The record shows that an amended complaint was filed. This superseded, as an

amended pleading always does, the original, and it was, therefore, not necessary to set it out.

No more of the record of the case to be reviewed is required to accompany the complaint or bill for review than is necessary to present the question upon which error is predicated. *Stevens* v. *City of Logansport,* 76 Ind. 498.

We agree with counsel that a complaint for review which only questions one of several paragraphs of the complaint upon which the judgment sought to be reviewed rests, is not sufficient. But as the judgment here rests wholly on the amended complaint, the point is not well made.

It is argued further that the complaint is bad, because the written motion for a new trial, showing the causes assigned for a new trial of the original cause, does not appear in the proceedings set out in the bill for review. It is also said that the record shows that the motion in arrest of judgment in that case was not filed until after the judgment was rendered.

We think the points thus made are well taken so far as respects the errors assigned which are predicated upon these motions. But it does not follow that the demurrer to the bill for review should have been sustained, if the assignment as a cause for review that the original complaint did not state facts sufficient was well made.

This assignment brings under review the sufficiency of the complaint upon which the proceedings and judgment sought to be reviewed are founded. The sufficiency of that complaint depends upon whether the alleged mistake in the description of the land can be corrected by the admission of extrinsic evidence, for the purpose of showing that the land described in the will was not that intended.

The case is not within the ruling in *Cleveland* v. *Spilman,* 25 Ind. 95, as contended. In that case the testator devised his real estate to his wife by the following description: " My land, being the south half of the northeast quarter," etc. The land owned by the testator was in the *northwest,* instead of the *northeast* quarter, as written; and it was held that it was com-

petent to show what land was intended. In that case language contained in the will itself furnished the basis for the correction. The words " my land," as was said in *Judy* v. *Gilbert,* 77 Ind. 96 (40 Am. R. 289), " were of themselves sufficient to carry the land then owned by the testator. The attempt to specifically describe the land did not make nugatory the general description."

In the case before us, however, there is nothing in the will upon which to predicate a construction that the land intended was different from that described. If the land intended had been identified in such manner as that some language contained in the will, affording a general description of it, would be found inconsistent with the specific description, then extrinsic evidence would be admissible to harmonize the two, or, as has been said, " evidence is admissible which in its nature and effect merely explained what the testator has written ; but no evidence can be admissible which, in its nature or effect, is applicable to the purpose of showing merely what he intended to have written." The case falls directly within, and is controlled by, the well supported opinion in *Judy* v. *Gilbert, supra.* See, also, *Sherwood* v. *Sherwood,* 45 Wis. 357 (30 Am. R. 757).

It is claimed that the complaint for review was not filed within one year from the date of the rendition of the judgment, and that because it was not averred in the body of it that the plaintiffs were minors, and under disability, the demurrer to it should have been sustained.

It was stated in the caption that some of the plaintiffs, who were named, were adults, and others were there described as minors, suing by their next friend. This was not a sufficient averment of minority. The complaint was, however, not for that reason bad on demurrer. *Lancaster* v. *Gould,* 46 Ind. 397 ; *Maxedon* v. *State, ex rel.,* 24 Ind. 370.

Assuming, as from the body of the complaint we must, that all of the plaintiffs were adults, and that the complaint was not in fact filed within one year from the rendition of the

judgment, as the statute requires, yet this defect was not, and could not be reached by the demurrer.

A demurrer reaches only such defects as are apparent on the face of the pleading. *Trentman* v. *Fletcher,* 100 Ind. 105, and cases cited. The face of the pleading would not indicate when the action was commenced, and for that reason the question whether the action had been commenced within one year from the rendition of the judgment could not be raised or determined by the demurrer to the complaint.

There was an answer in two paragraphs, in both of which this fact was averred, but one paragraph of the answer was denied, the other admitted by the reply, and thus no issue of law was raised on the answer.

The evidence is not in the record, and this question is not presented by a motion in arrest or otherwise. We must, therefore, presume that the action of the court was right, and accordingly the judgment is affirmed, with costs.

