| 108 | 573 |
| 132 | 189 |
| 108 | 573 |
| 140 | 403 |

### No. 12,846.

## POCOCK ET AL. *v.* REDINGER.

WILL.—*Description of Land.*—*Mistake.*—A will contained this provision: "As to my real estate, I dispose of it as follows: I own the east half of the northwest quarter,".etc., "and I hereby give and bequeath the same to my son," etc. The testator did not own the east half of the northwest quarter, but did own the west half.

*Held,* that as the will itself shows a mistake, it will be made to operate upon the land intended to be devised.

SAME.—*Evidence.*—*Declarations of Testator.*—Verbal declarations of a testator are not competent evidence to show a mistake in a will, but facts and circumstances are.

From the Marshall Circuit Court.

*A. C. Capron* and *A. Johnson,* for appellants.

*M. A. O. Packard, O. M. Packard* and *C. P. Drummond,* for appellee.

ELLIOTT, C. J.—The will of Catherine E. Redinger contains, among others, this provision: "As to my real estate, I dispose of it as follows: I own the east half of the northwest quarter of section thirty-four, township thirty-two north, of range three east, in Marshall county, Indiana, and I hereby give and bequeath the same to my son, Charles A. Redinger, as and for his own absolute property forever. I also own the east forty-six acres off of the south sixty-three acres of the south half of the southwest quarter of section twenty-eight,

township thirty-two north, of range three east, Marshall county, Indiana, which, should the same remain undisposed of at my decease, I desire my executor to appraise and sell."

The testatrix did not own the east half of the quarter section described in the will, but she did own the west half of that quarter section. The facts given in evidence show very clearly that she intended to devise to the appellee the quarter section owned by her, and that she made a mistake in specifically describing it.

The question in the case, as stated by counsel, is, Whether it was competent to show by extrinsic evidence that a mistake was made in describing the land devised?

The general rule undoubtedly is, as the appellants contend, that a mistake in a will can not be shown by parol evidence. *Judy* v. *Gilbert*, 77 Ind. 96, and cases cited; *McAlister* v. *Butterfield*, 31 Ind. 25; *Funk* v. *Davis*, 103 Ind. 281. But we do not regard this case as within the rule, for, in our opinion, the mistake is shown by the words of the will when applied to the subject-matter upon which, as its language discloses, it was intended to operate. The words of the will show that the provision under consideration was intended to devise the land owned by the testatrix, for she introduces the subject by the words, "As to my real estate," and then says: "I own the east half of the northwest quarter of section thirty-four," and "I devise the *same*" to Charles A. Redinger, thus clearly showing that she meant to devise the land she owned. The words used in disposing of the second of the two parcels which she devised add strength to our conclusion, for the testatrix says: "I also own the east forty-six acres off of the south sixty-three acres of the south half of the southwest quarter of section twenty-eight." The mistake appears, from the language of the will, without the aid of verbal declarations, for, when it was shown that the testatrix did not own the east half of the quarter section, but did own the west half, no parol evidence was necessary to prove that she had made a mistake in drafting her will.

The case is within the rule declared in *Cleveland* v. *Spilman*, 25 Ind. 95, and *Black* v. *Richards*, 95 Ind. 184. The principle upon which the rule depends is, that where the will itself shows that there has been a mistake in specifically describing land which is also designated by a general description, the will may be made to operate upon the land intended to be specifically described, but which, by mistake, is incorrectly described in the specific description which follows the general. Where, however, the language of the will itself does not furnish evidence of a mistake, a court can not interfere upon the ground that a mistake was made by the testator.

Verbal declarations of a testator are not competent evidence to prove a mistake in a will, but evidence of facts and circumstances is. It is proper to show the situation and condition of the testator's property, but it is not proper to prove what he said, for when the instrument is written, that is deemed the expression of the testator's intention, and there the exploration for his intention must be made. It is obvious that if verbal declarations were admitted, wills might be overthrown which expressed the intention of one who could not dispute evidence of his declarations, nor give any explanation of them, and thus grave evils would result. The law, however, is so well settled by the authorities that discussion is unnecessary. *Funk* v. *Davis*, *supra;* *Judy* v. *Gilbert*, *supra*.

The trial court did, therefore, err in admitting evidence of the oral declarations of the testatrix; but we think this error must be treated as a harmless one, as it clearly appears from the record that the result must have been the same had this evidence not been given.

We do not depart from the ruling in *Judy* v. *Gilbert*, *supra*, and *Funk* v. *Davis*, *supra*, for we hold that the will decisively and clearly shows that the testatrix meant to devise the half of the quarter section she owned, and not any other parcel; that, as it may be shown by evidence of the fact,

---

without proof of oral declarations, that she owned, not the parcel specifically described, but another in the same section, the case is not within the rule declared in those cases, but is within the rule declared in *Cleveland* v. *Spilman, supra.*

