Priest *et al. v.* Lackey *et al.*

demurrer to appellants' answer and for further proceedings in accordance with this opinion.

Filed Feb. 28, 1895.

———◆———

No. 17,114.

PRIEST ET AL. *v.* LACKEY ET AL.

WILL.—*Correcting Mistakes in.*—A mistake in a will can not be corrected by the courts, if the mistake be not apparent on the face of the will, when applied to the subject-matter of the devise.

SAME.—*Parol Evidence to Correct Mistake in.*—Parol evidence is not admissible to show the intention of the testator in contradiction of the intention expressed in the will, but it is admissible to show the situation and condition of the testator's property devised by his will.

SAME.—*Mistake Corrected by Construction.*—*Naming Wrong Section in Which Land Devised Lay.*—If the mistake be shown by the words of the will, when applied to the subject-matter upon which, as its language discloses, it was intended to operate, such mistake may be obviated by construction. Thus where a testator bequeathed one-half of all the lands of which he might die possessed, adding "my land being in the north half of the northeast quarter of section 35," and it was in fact in section 36, it was held that the will could be corrected by construction, and that the devise was valid.

PRACTICE.—*Special Verdict or Finding Showing Defective Answer Not Proven.*—*Error Cured.*—Error of law arising in holding a defective answer sufficient is rendered harmless by a special verdict or finding showing that such answer is not proven.

From the Fulton Circuit Court.

*I. Conner* and *W. W. McMahan,* for appellants.

*M. L. Essick* and *O. F. Montgomery,* for appellees.

McCABE, J.—The appellants sued the appellees for partition. Answer in two paragraphs, and a cross-complaint by appellees. The trial resulted in a special verdict, on which appellees and appellant Jane Shelton had judgment.

The only questions presented by the assignment of errors and appellants' brief are the sufficiency of the facts stated in the second paragraph of the appellees' answer and their cross-complaint.

The circuit court overruled a demurrer to the second paragraph of appellees' answer and to the appellees' cross-complaint. These rulings are assigned for error.

It appears, from the complaint, that on September 10, 1871, Alexander Lackey died intestate in Fulton county, Indiana, and left surviving him as his sole heirs at law Osse B. Lackey, his widow, Laura M. Priest, Jane Shelton, Elizabeth C. Woodfill, Caroline Oliver, Harriet Schilling, the appellants, plaintiffs below, and the defendants below, Jacob L. Lackey and Andrew Lackey, appellees, and William Lackey and Sarah Martin, his children.

The last two are not parties to the action or to this appeal.

That he died seized in fee simple of the north half of the northeast fractional quarter of section 36, Michigan road lands, in Fulton county, Indiana, less ten and a half acres, consisting of a strip of land of uniform width across the entire east end of said half section; that the interest of said Laura M. Priest, Elizabeth C. Woodfill, Caroline Oliver and Sarah Martin was set off to them in a strip of 32 acres of uniform width across the entire east end of said half section, after said ten and a half acres had been cut off; that there has been no further partition of said lands, but Jacob L. Lackey is the owner, by purchase, of the interest of Harriet Schilling and William Lackey; that on the 3d day of April, 1891, Osse B. Lackey died in said county, seized in fee of the interest in said lands which descended to her from her said husband, and leaving surviving as her only children and heirs the said Laura M. Priest, Jane Shelton, Elizabeth

C. Woodfill, Caroline Oliver and Harriet Schilling, appellants, Jacob L. Lackey and Andrew Lackey, appellees, to whom the complaint avers that the interest of said widow descended, and to each the undivided one-seventh, the other two children of said Alexander Lackey, deceased,—William Lackey and Sarah Martin, being his children by a former marriage.

The second paragraph of the answer avers that the widow, Osse B. Lackey, died testate as to said lands, having, prior to her death, executed her will, which was duly admitted to probate on April 6, 1891, after her death, and that, by its terms, she had devised her interest in said land to Jacob L. Lackey, Homer Lackey and Andrew Lackey, that is, to Jacob L. and Homer Lackey each one-fourth, and to Andrew Lackey one-half, of all the lands of which she died seized; that in said will, in the bequest to Andrew Lackey, she says the same being in section 35 in Michigan road lands, where, by the terms of the will, it is shown that she meant section 36, Michigan road lands; that she did not own or have any interest in any land except that in said section 35, as described in the complaint; that, therefore, the plaintiffs, appellants, have no claim, title or interest whatever in said lands, wherefore, etc.

A copy of the will is made a part of the answer by exhibit.

The part of the will disposing of the land reads as follows:

"2d. I give and bequeath to my son, Andrew Lackey, the undivided one-half of all the lands of which I may die possessed, my land being in the N. ½ of N. E. fractional ¼ of section 35 of Michigan road lands, Fulton county, Indiana.    *    *    *

"3d. I give and bequeath to my son, Jacob L.

Lackey, the undivided one-fourth ( ¼ ) of all my real estate. * * * * * * * * * * * * * * *

"4th. I give and bequeath to my grandson, Homer Lackey, the undivided one-fourth ( ¼ ) of all the land of which I may die possessed."

Counsel on both sides have assumed that the sole question arising on the demurrer to this answer is whether the mistake in the will defeats the bequest. It is contended on behalf of the appellants that it does, while on behalf of the appellees it is contended that it does not. There can be no question as to the bequest to Jacob L. Lackey and Homer Lackey. To each of them is bequeathed the undivided one-fourth of all her real estate without attempting to describe it. It is in the second item where the mistake occurs. There the bequest is of "one-half of all the lands of which I may die possessed," and then she attemps to add a description of her lands which is correct in all respects except that she is made to say that it is in section 35 instead of section 36. She owned no land in section 35, but she did in section 36, which the other part of the description accurately describes.

It is settled law that mistakes in wills can not be corrected by a court of equity where the mistake is not apparent on the face of the will itself when applied to the subject-matter of the devise. *Judy* v. *Gilbert,* 77 Ind. 96; *McAlister* v. *Butterfield,* 31 Ind. 25; *Funk* v. *Davis,* 103 Ind. 281.

It is hardly correct to say that the will is changed by such correction, but that by construing the whole so as to ascertain the real intention of the testator the mistake is obviated. This can only be done by a consideration of the language employed in the will, and such lights as are ordinarily employed in construing language used in the will. It can not be done by the introduction of

parol evidence as to the intention of the testator in contradiction of such intention as expressed in the will. Courts must construe and enforce wills as they are written. *Judy* v. *Gilbert, supra.*

It is always proper, in construing a will, to take into consideration the situation and condition of the testator's property. Here the devise is "of all the land of which I may die possessed," and then follows the description, the latter part of which places it in section 35. She then owned and afterwards died possessed of the land in section 36, the balance of the description of which was correctly stated in the will. She never owned any land in section 35. From the language employed in the will, it is made clear and manifest that she meant to devise the land she owned and should die seized of. When coming to consider the situation and condition of that land we find it in section 36. It therefore clearly appears from the will itself, and not from extrinsic evidence, that she meant section 36 when she said section 35.

Had she stopped when she had devised one-half of the lands of which she died possessed, it would have passed the land in section 36. When the testator proceeded to say, after the description, "my land being in the N. ½ N. E. fractional quarter of section 35," she made clear beyond doubt that she meant to devise the land she then owned, and of which afterward she died seized, and that being in section 36 it also clearly appears from the will itself that she meant section 36 instead of section 35.

Where the mistake is shown by the words of the will, when applied to the subject-matter upon which, as its language discloses, it was intended to operate, such mistake may be obviated by construction. *Cleveland* v. *Spilman,* 25 Ind. 95; *Black* v. *Richards,* 95 Ind. 184; *Pocock* v. *Redinger,* 108 Ind. 573.

The language employed in the will shows it was in-

tended to operate on land she then owned and of which she might die seized. That was in section 36 and not in section 35. If no such language had been employed, we should have a very different question presented. The appellants, however, contend that the copy of the will set out as an exhibit to the answer can not be looked to to aid the answer. Conceding, without deciding, that that is the rule, it does not help the appellants any, because the language of the answer is, "she says the same being in section 35, where by the terms of the will it is shown that she meant section 36." The demurrer admits these averments to be true and that makes a stronger case that the testator meant section 36 than the will itself. The answer was therefore sufficient to show that the appellants' mother had disposed of all her interest in said real estate by will to other persons than the appellants, and therefore stated facts sufficient to constitute a defense to the appellants' complaint for partition as to that interest. But the complaint stated a cause of action in favor of at least one of the five appellants in the undivided two-thirds of the land descended to the nine children named of said Alexander Lackey, and the answer states no defense to the right of that appellant to have partition of and have her interest in the said undivided two-thirds set off to her.

The complaint shows that the interest of four of the children, namely: Laura M. Priest, Elizabeth C. Woodfill, Caroline Oliver and Sarah Martin in the undivided two-thirds descended to them from their father had been set off to them by a partial partition, and that the interest of two more, Harriet Schilling and William Lackey, had been sold to one of the other children, Jacob L. Lackey. Thus it is shown by the complaint that six of the nine children have parted with the interest in the land inherited from their father, the two defendants, ap-

pellees Jacob L. and Andrew Lackey, make eight, and
the other plaintiff, appellant Jane Shelton, makes nine.
It is nowhere shown in the complaint that she had
parted with her interest in the undivided two-thirds de-
scended to her from her father, nor does the answer state
any reason why she should not have that interest set off
to her.    The answer purports to be a full and not a par-
tial defense.    It does not state facts enough to make a
full and complete defense.    There are other objections
urged to the answer, but it was bad for the defect sug-
gested.    However, the error in holding it good was not
only not urged in argument, but under the allegations
of the cross-complaint the special verdict found the facts
in favor of James Shelton's interest in the undivided
two-thirds descended from her father, thus rendering
the error harmless.

The cross-complaint is by the appellees and Homer
Lackey, as cross-complainants, against the appellants,
the plaintiffs in the original complaint, and alleges in
substance that the cross-complainants and Jane Shelton,
plaintiff in the original complaint, are the owners in fee
simple of the lands described in the original complaint
and answer setting out said description and that the
other defendants in the cross-complaint claim an interest
therein adverse to the cross-complainants' rights, which
claim is without right and unfounded and a cloud upon
their title.    That the cross-complainant, Jacob L. Lackey,
is the owner of twenty-nine sixtieths thereof, that An-
drew Lackey is the owner of eighteen-sixtieths, Homer
Lackey five-sixtieths, and that Jane Shelton, defendant
in the cross-complaint, is the owner of eight-sixtieths
thereof.    Prayer that their title be quieted.

The judgment follows the special verdict and awards
partition to Jane Shelton by setting off to her five forty-

sixths ($\frac{5}{46}$) of said real estate and quiets the title of the cross-complainants in and to the residue thereof.

No reason is suggested in argument why the cross-complaint is not good and we perceive none. As before observed, the verdict and judgment render the error in holding the answer good harmless. We therefore hold that there was no available error in overruling the demurrers.

Judgment affirmed.

Filed Nov. 27, 1894; petition for a rehearing overruled Feb. 5, 1895.