## WILLIAM A. ZIRKLE *et al.* v. MARYETTA LEONARD *et al.*

### No. 11,545.   ( 60 Pac. 318.)

1. WILLS—*Incorrect Description of Land—Intention of Testator.*  A testator devised real estate described in his will as follows: "All the land I now have in the northwest quarter of section twenty (20), township thirteen (13), range seventeen (17), containing about seventy-two (72) acres more or less.  Also one rod on the north side of section twenty (20) not heretofore willed or deeded to any one."  The testator did not own any land in the northwest quarter of section 20, but did own seventy-two acres in the southwest quarter of said section.  *Held,* that the use of the words " all the land I now have," and the designation of the number of acres devised, made the intention of the testator apparent..

2. ———— *Devise Construed.*  The same rule of construction applied to the tract misdescribed as "one rod on the north side of section twenty (20)."

3. ———— *Mental Capacity of Testator —Non-expert Witnesses.* Testimony of non-expert witnesses was admitted at the trial to show the mental capacity of the testator.  The court required such witnesses to state first the facts which came under their observation upon which their conclusions touching sanity were based, and confined the opinions to the facts detailed.  *Held,* not error.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed March 10, 1900.   Affirmed.

*Wm. R. Hazen,* for plaintiffs in error.
*Vance & Campbell,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.:   In this action the validity of a will was involved.   It was attacked for want of mental capacity in the testator, undue influence, and uncertainty in the description of real estate devised.

Much testimony was introduced, given by non-expert witnesses who were acquainted with the testator, who gave their opinions as to his sanity and mental capacity.   In the admission of such testimony the court required that the opinion given should be based upon the facts which each witness had detailed on the stand, and confined their conclusions to such specific facts.   This ruling is alleged to be erroneous. As we understand the argument for plaintiff in error, it is claimed that such witnesses should have been permitted to give opinions as the result of their observations, without stating any of the facts upon which they were based.   This certainly would be unsatisfactory and of doubtful aid to the court or jury trying the question of mental capacity.   There would be nothing to indicate the extent of the witnesses' knowledge of the habits, manner or peculiarities of the person regarding whose capacity they expressed an opinion.   The authorities are in accord with the ruling made by the trial court.   The giving of such opinions at all by non-experts is a rule of necessity.   If all the facts on which the opinion is based could be placed before the jury, the latter

could judge of the sanity or insanity as well as the witness, but there are certain *indicia* of mental disorder which are indescribable. Peculiar conduct, acts and deportment of the person may create a fixed and reliable judgment in the mind of an observer which could not be conveyed in words to the jury. A person may appear to be sad, dejected, sick, or well, yet such appearance could not be described satisfactorily, and hence a conclusion is permitted to be given. A statement of facts detailed by the witness tends to affect the weight to be given to his opinion, affording the court or jury opportunity to judge of his intimacy with the person about whom he is testifying, his facilities for observation, and the acuteness with which he has discerned peculiarities which might escape the notice of others. (*Baughman v. Baughman*, 32 Kan. 538, 4 Pac. 1003 ; *The State v. Beuerman*, 59 id. 586, 53 Pac. 874; Rog. Exp. Test., 2d ed., 9 ; *American Bible Society et al. v. Price*, 115 Ill. 623, 5 N. E. 126 ; *The Carthage Turnpike Company v. Andrews*, 102 Ind. 138, 1 N. E. 364; *Shaver v. McCarthy*, 110 Pa. St. 339, 5 Atl. 614.)

The devise to Maryetta Leonard is in the following language : "All the land I now have in the northwest quarter of section twenty (20), township thirteen (13), range seventeen (17), containing about seventy-two (72) acres more or less. Also one rod on the north side of section twenty (20) not heretofore willed or deeded to any one." The testator did not own seventy-two acres of land in the *northwest* quarter of section 20, mentioned in the will, but did own a tract of that size in the *southwest* quarter of section 20. Counsel for plaintiff in error contends that this erroneous description cannot be aided by any rule of construction which looks beyond the expressed description

of the land contained in the will.   This would be so were it not for the words employed preceding and following the description.   To arrive at the intention of the testator is the first great rule in the exposition of wills.   (*Smith v. Bell,* 6 Pet. 74, 8 L. Ed. 322.) The words "all the land I now have," which go before the words "in the northwest quarter of section twenty (20), township thirteen (13), range seventeen (17)," and the words following, "containing about seventy-two (72) acres more or less," materially assist in determining the fact that the intention of the will was to devise that seventy-two acres of land owned by the testator in the section mentioned.   Owning no other seventy-two acres of land in the section, can there be any doubt as to what was intended by the words of the will?

In the case of *Cleveland v. Spilman and Another,* 25 Ind. 95, a devise was made as follows : " My land, being the south half of the northeast quarter of section 36, township 3 south, of range 12 east."   The testator never owned the tract described, but did own the south half of the northwest quarter of the section.   It was held that by the use of the words " my land" a particular description was added which satisfied the court as to the intention of the testator. In *Judy et al. v. Gilbert,* 77 Ind. 96, the testator employed the words " my land."   It was held that an erroneous description following did not make nugatory the devise.   See, also, *Funk v. Davis et al.,* 103 Ind. 281, 2 N. E. 739.   In this case the language of the will itself furnishes the basis for determining the particular real estate which the testator intended should go to Maryetta Leonard at his death.

The one rod described as being on the north side of section 20 was referred to in the devise to Mrs. Leon-

ard as "not heretofore willed or deeded to any one." The testator had disposed of all his property except that devised to Mrs. Leonard before he made the will, and what he gave to her was the remainder possessed by him after making disposition of all his other property. Under the rule of construction above stated, the misdescription of the small tract as being on the north side of section 20 was rightly corrected, to arrive at the intention of the testator, and held to include a strip one rod wide and forty rods long adjoining the land of Harvey Zirkle on the south. This was the conclusion reached by the trial court, and we think correctly. The judgment will be affirmed.