## OLIVER *v.* HENDERSON, guardian, *et al.*

A testator devised to A a part of his property, described as "lot of land (78) in the second district of Dooly county." Testator did not own lot 78, but did own 68 in the district named. It did not appear whether he owned other lots in that district. The testator said during his lifetime that he intended to give lot 68 to A, and often referred to it as the property of A. *Held*, that a petition alleging these facts, and praying that the averments as to the intention of the testator might be shown by parol evidence, was properly dismissed on demurrer.

Argued December 13, 1904. — Decided January 30, 1905.

Equitable petition.　Before Judge Littlejohn.　Dooly superior court.　March 10, 1904.

Henry Oliver in his will gave to his wife a life-estate in all of his property, the language of the will descriptive of the property being as follows: "All my property, both personalty and realty." To the heirs of his son I. O. Oliver the testator bequeathed "the said personalty and realty," after the death of his wife, except that Henry Oliver Jr. was to have "lot of land (78) in the second district of Dooly county, more than the rest of the heirs of the said I. O. Oliver." Henry Oliver Jr. filed a petition alleging that the life-tenant was dead; that the testator never at any time in his life owned lot 78 in the second district of Dooly county; that he did own at the time of his death lot 68 in that county and district, "and other lands adjoining;" that he intended to devise to plaintiff lot 68, and the insertion of lot 78 was a mistake; that the testator often told plaintiff that he intended to give him lot 68; that the testator was illiterate, and told the scrivener who wrote the will that he wanted to give plaintiff lot 68, and the scrivener by mistake or oversight wrote 78 instead. The plaintiff prayed originally for a reformation of the will, but by amendment struck this prayer, and prayed for a recovery of lot 68 from the possession of the defendant, and that he be allowed to show by parol evidence the facts set forth in relation to the mistake in writing lot 78 in the will instead of lot 68. The court dismissed the petition on demurrer, and the plaintiff excepted.

*C. L. DeVaughn, J. A. Hixon, M. P. Hall*, and *W. F. George*, for plaintiff. *Whipple & McKenzie, J. W. Haygood*, and *Crum & Jones*, for defendants.

COBB, J.　The testator gave to his wife a life-estate in all his property. He then undertook to dispose of the remainder interest therein, giving to the heirs of I. O. Oliver the fee in all of the property, one of such heirs being given, in addition to an equal share, a lot of land which is described as "lot of land (78) in the second district of Dooly county." It appears that the testator did not own lot 78. The description "lot 78" is therefore false, and, under the maxim falsa demonstratio non nocet, may be rejected, provided after so doing there is a sufficient description

left to identify the property intended to be devised.    Thus, the "Zachariah Emerson Place," described in a deed as being in lot 125 of a given district may be shown by parol to be located in some other lot.    *Johnson* v. *McKay*, 119 *Ga.* 196.    And so a description in a will of "the land contained in eighty-one, west side of the old run of Flat creek," may be shown by parol to refer to a lot of another number, the latter lot answering the true description "west side of the old run of Flat creek."    *Rogers* v. *Rogers*, 78 *Ga.* 688.    See also *Tyler* v. *Justice*, 120 *Ga.* 879 ; Doe v. Roe, 1 Wend. 541; Whitcomb *v.* Rodman, 156 Ill. 116, 47 Am. St. Rep. 181; Merrick *v.* Merrick, 37 Ohio St. 126 ; cases in note to Chappell *v.* Missionary Society, 50 Am. St. Rep. 289.

Likewise ambiguities in a will, both latent and patent, may be explained by parol.    Civil Code, § 3325.    A latent ambiguity, says Lord Bacon, is "that which seems certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral matter, outside of the deed, that breedeth the ambiguity."    See 1 Jarm. Wills (Am. Notes), t. p. 743.    This definition was applied in *Walker* v. *Wells*, 25 *Ga.* 141, where it was held that a grant to "Berry Stephens, an orphan," might be shown by parol evidence to have been intended to be a grant to the orphan of Berry Stephens, there being such a person in life, and there being no person answering the first description.

But while parol evidence is admissible to raise a latent ambiguity in a description and then explain it, in every case the intention of the maker of the instrument must be gathered from the instrument itself, read in the light of the parol evidence.    Of course it is not permissible to create a devise or bequest by parol ; but the parol evidence must show what the testator's real intention was from the language used.    Thus language which is suceptible of two meanings must have been intended to mean only one ; and the question to be decided in each case is, which of the two meanings did the testator intend should be given it.    If this double meaning is apparent on the face of the instrument, then the ambiguity is a patent one.    If the language is apparently not of double meaning, but is shown to be so only by the aid of collateral or extrinsic facts, the ambiguity is latent.    While the general rule is that only latent ambiguities are explainable by parol evidence, under our code either a patent or a latent ambiguity

may be so explained.    Civil Code, § 3325.    But equity has no jurisdiction to reform a will.    *Willis* v. *Jenkins*, 30 *Ga.* 167; Bingel *v.* Volz (Ill.), 16 L. R. A. 321.    Wills must be taken to mean just what the language, considered in the light of the circumstances and the situation of the testator, was intended by him to mean.    Parol evidence is not admissible to show that the testator meant one thing when he said another.    See *Smith* v. *Usher*, 108 *Ga.* 233.    This rule seems to be without exception, and those decisions which appear to depart from it will generally be found to be only erroneous applications of the rule.

There are many decisions dealing with questions similar to that raised by the present record.    In Judy *v.* Gilbert, 77 Ind. 96, 40 Am. Rep. 289, a will described property as the "northeast quarter of the southwest quarter" of a section of land.    It was held that parol evidence was not admissible to show that the "northeast quarter of the southeast quarter" was intended, even though it appeared that the testator owned no such land as that described and no other land than that which it was claimed he intended to devise.    In the opinion it was said:    "There is no mistake here upon the face of the will which is here subject to investigation. There is no latent ambiguity.    The property devised is accurately described.    The claim is not that there is an inaccurate description apparent upon the face of the will, but that the testator ought to have described some other property.    The court is asked to admit parol evidence to show that although the testator described with perfect accuracy one parcel of land, he meant another.    The bare statement of the appellant's position exposes its hostility to fundamental and salutary principles of jurisprudence."    To the same effect are Bingel *v.* Volz (Ill.), 16 L. R. A. 321; Fitzpatrick *v.* Fitzpatrick, 36 Iowa, 674, 14 Am. Rep. 538; Kurtz *v.* Hibner, 55 Ill. 514, 8 Am. Rep. 665; Ehrman *v.* Hoskins, 67 Miss. 192, 19 Am. St. Rep. 297; Sherwood *v.* Sherwood, 45 Wis. 357, 30 Am. Rep. 757.    See also, in this connection, *Venable* v. *Burton*, 118 *Ga.* 156.

There are, however, decisions which are not in all respects in accord with those just cited.    Some of them will be found, upon a close inspection of their facts, to be distinguishable, while others are wholly irreconcilable with the cases just above referred to. All of them purport to be based upon the intention of the testator

as expressed in the will, when the language of the will is considered in the light of the parol evidence.    The case of Patch *v.* White, 117 U. S. 210, is a leading one.    There a testator devised a lot, "together with the improvements thereon erected," but erroneously stated the number of a lot which had no improvements.    It was held that parol evidence might be introduced to show that the testator had another lot which had improvements on it, and that this lot would be held to be the land intended to be devised.  ·  So where a testator owned only three city lots in a certain block, and undertook to devise these three lots, but erroneously gave the number of one of them, describing them all as being in the specified block, it was held that the three lots owned by the testator in that block would pass notwithstanding the erroneous description.    Seebrock *v.* Fedawa, 33 Neb. 413.    A similar conclusion was reached in Eckford *v.* Eckford, 91 Iowa, 54, 26 L R. A. 370.    See also Zirkle *v.* Leonard (Kan.), 60 Pac. 318; Priest *v.* Lackey, 140 Ind. 399; Stewart *v.* Stewart (Iowa), 65 N. W. 976.

In every one of the cases where the parol evidence was admitted there was some general description, other than the false description, sufficient to identify the property intended to pass. In every one of the cases it distinctly appeared that in the district or block or other area mentioned the testator owned no other property than that which it was claimed he intended to devise, and that he did not own property answering to the description claimed to be false.

In the present case it is distinctly alleged that the testator did not own lot 78 in the second district of Dooly county.  ' But to have made the evidence admissible it should have been alleged also that the testator owned only one lot in the second district of Dooly county, which lot was number 68.    If this had been alleged, the court might well have said, as against the demurrer, that inasmuch as it is manifest that the testator intended to devise a lot in the second district of Dooly county, he must have intended lot 68 to pass, because that was the only lot in that district and county which he owned.    But the petition not only fails to allege that lot 68 was the only lot owned by the testator in that district and county, but it avers that he owned lot 68 in the second district of Dooly county " and other lands adjoining."    This

is an ambiguous averment. The adjoining lands may or may not lie in the second district of Dooly county. Probably, under the rule requiring pleadings to be construed most strongly against the pleader, the averment should be taken to mean that the adjoining lands do lie in that district and county. But in any event it was incumbent on the plaintiff to allege distinctly that they did not. There is nothing in the will to indicate that the testator intended lot 68 in the second district of Dooly county to pass rather than some other lot in that district and county, if he owned such other lots. He may have owned 88 or 54; and if so, how can the courts say that he meant 68 rather than 88 or 54? There is no legal method by which the intention of the testator can be ascertained. The court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*