MARY J. SNOW *vs.* FOWLER T. MOORE, executor.

A testator, in his will, gave to his daughter "four hundred dollars that she has now in her possession." At the date of the will, she had no property of the testator in her possession, nor had she from that time to his death; but a short time before the date of the will he indorsed and gave to her a promissory note of her husband for that sum. *Held,* that she had no claim against the executor for a legacy.

CONTRACT against the executor of the will of Chester Chapman, to recover a legacy of $400. Trial in the superior court, before *Pitman,* J., who reported the following case to this court ,

Chester Chapman made his will July 11, 1867, and died two days afterwards. By the will, he gave to the plaintiff, "the wife of William Snow, four hundred dollars, that she has now in her possession;" and all the "rest, residue and remainder" of his estate, real and personal, he gave to her sister.

The plaintiff testified that she had no property of any kind belonging to the testator in her possession at the date of his will or between that time and his death; that he never gave her any money; that on May 23, 1867, her husband, who then owed the testator $800, paid him $400 in cash and gave him his promissory note for $400; that subsequently, on the same day, the testator indorsed the note, and handed it to her, saying he made her a present of it, and if he did not live to spend all his property there would be more for her; and that she paid him nothing on the note.

The judge on this evidence ruled that the plaintiff could not recover, and directed a verdict for the defendant, which was returned. If the ruling was right, judgment was to be entered on the verdict; but if erroneous, then the case to stand for trial.

*M. B. Whitney*, for the plaintiff.

*A. L. Soule*, for the defendant, was stopped by the court.

AMES, J. It is impossible to construe the bequest to the plaintiff as a direction to the executor to pay to her the sum of $400 from the general funds of the estate. It does not import that anything was to be paid to her, but that she was to be allowed to keep something that she had already received. The money which the will professes to give her is described as money "that she now has in her possession;" and these terms cannot be considered as applicable to any other fund, without ascribing to the testator an intention which he certainly has not expressed. We cannot undertake to expunge from the will, as mere surplusage, the words which the testator has employed for designating with precision the subject matter upon which he meant that this bequest should operate. He evidently understood that in some way she had already had something from him of the value of $400, and it is at least possible that he put that construction upon the disposition that he had made of her husband's note of that

amount. If she in fact had nothing in her possession, then the will gives her nothing; if she had any such fund in her possession, the bequest allows her to keep it. Upon either construction, nothing is due to her from the executor.

*Judgment for the defendant.*