GEORGIANA B. TERRY

*v.*

WILLIAM H. SMITH, admr. &c., et al.

1. A testatrix, after directing the payment of her debts and funeral expenses, gave to one of her daughters the interest of one equal undivided sixth part of all her estate for life, with remainder over, and made the same bequest to complainant. She then gave two pecuniary legacies, and then gave all the rest of her estate to her executor "in trust for the execution of her will," and gave to another daughter the income of such residue for life, with remainder over. The personal estate is $700, the real $42,000, and the debts about $14,000.—*Held*, (1) that complainant's share, although evidently given in trust, is not subject to the trust of the residue, and consists of one-sixth of the whole estate, after the payments of the debts and expenses, for which the court may appoint a trustee; (2) that if the real estate can be equitably divided, complainant's share thereof may be set off for her benefit, and she may enjoy it as a tenant for life, but, if not thus partible, there must be a conversion.

2. If the language is not doubtful, the mere fact that the reasons assigned

Terry v. Smith.

by the testatrix for discriminating in the gifts to certain legatees are false in fact, cannot control the construction of her will, although such construction may fail to effectuate her purpose.

Bill for partition. On final hearing on pleadings.

*Messrs. Hawkins & Durand,* for complainant.

*Mr. S. Patterson* and *Mr. G. C. Beekman,* for defendants.

The Chancellor.

The complainant seeks partition of the land of her late mother, Harriet E. Manning, deceased, and an account of the rents and profits thereof coming to her, and an account of the personal estate of her mother, and a decree that her share thereof be invested for her benefit. She claims under the will of her mother a life interest in one-sixth of the whole estate. By the will the testatrix, after directing payment of her debts and funeral expenses by her executor and trustee therein named, gave and bequeathed to her daughter, Frances M. G. Wilson, " the interest

Note.—*Query*, whether a devise revoked because the testator says by codicil he is advised that the legacy is void in law, which is not so, is a valid revocation, *Atty-Gen.* v. *Lloyd, 1 Ves. Sr. 32, 3 Atk. 551; James's Goods, 19 L. T. 610; Dunham* v. *Averill, 45 Conn. 61, 77; Armorer* v. *Case, 9 La. Ann. 288; Skipwith* v. *Cabell, 19 Gratt. 758; Arthur* v. *Arthur, 10 Barb. 9.*

After a devise to L, in tail, and the death of L. in testatrix's lifetime, leaving a daughter, E., of which testatrix was ignorant, she made a codicil reciting that L. had died without issue and devising L.'s estate over.—*Held*, to be only a conditional revocation, and that E. was entitled, *Evans* v. *Evans, 2 Perry & D. 378, 10 Ad. & E. 228.*

A testator, in 1849, gave the interest of a fund to his daughter Charlotte, by her maiden name, with a gift over of the fund in case she should marry or die unmarried. She had been married in 1828, as testator knew, but her husband had not been heard of for several years prior to 1849. After testator's death he reappeared and on Charlotte's death claimed the fund as her husband.— *Held*, that the gift showed that testator believed him to be dead, and that he intended that no husband of Charlotte's should have the fund, *Crothwaite* v. *Dean, L. R. (5 Eq.) 249; see Pratt* v. *Mathew, 22 Beav. 328.*

A testator assigned as a reason for discriminating between gifts to A and B that A could, under a clause in a prior deed of part of the property from himself to A, be required to bring it into hotch-pot, which was not a fact.—

Terry v. Smith.

of the one equal undivided one-sixth part or portion" of her whole estate, during Mrs. Wilson's natural life, and directed that upon the death of Mrs. Wilson "the said interest and principal thereof" be paid absolutely to Georgiana Sweet, a granddaughter of the testatrix. She then gave and bequeathed to her daughter, the complainant, "the interest of the one equal undivided one-sixth interest, part or portion" of the whole estate during the complainant's natural life, and directed that on the death of the complainant "the said interest, as well as principal thereof," be paid absolutely to the before-mentioned Georgiana Sweet. She next gave a legacy of $1,000 to her sister, Mrs. Hendrickson (which, however, she subsequently revoked by a codicil), and $5,000 absolutely to her granddaughter, Bessie Belle Bateman, daughter of her daughter, Nellie J. Smith, on her attaining to the age of twenty-one years, and $2,000 absolutely to Harriet L. Smith, another daughter of Mrs. Smith, upon her attaining to her majority ; and she then gave and devised all the balance and residue of all her property, both real and personal, of whatever nature or kind, and wheresoever situ-

---

*Held*, that A could not be required to elect, *Langslow* v. *Langslow, 21 Beav. 552 ;* see *Box* v. *Barrett, L. R. (3 Eq.) 244.*

Where £3,000 were given, on the decease of A without issue, to the children of B, and by a codicil testator recited that he had already given the £3,000 to B for life with remainder to B's children, and then revoked the gift as to £2,000 and gave it to C—*Held*, that B could not claim the other £1,000 for life, *Re Smith, 2 Johns. & Hem. 594.*

But a legacy will not be cut down by a mere misrecital of its amount in a codicil, *Gordon* v. *Hoffman, 7 Sim. 29 ; Mann* v. *Fuller, Kay 624.*

A testator assigned as a reason for revoking a legacy to A that he had provided A with a permanent home, when, in fact, he had not so provided.—*Held*, that the revocation was valid, *Hayes* v. *Hayes, 6 C. E. Gr. 265.*

The words in a will, "I have already given to my son John lot No. 1," which was not a fact, do not constitute a devise thereof, *Smith* v. *Meyers, 2 U. C. Q. B. (O. S.) 301 (335);* see *Edmunds* v. *Waugh, 4 Drew. 75 ; Denn* v. *Cornell, 3 Johns. Cas. 174 ; Burford* v. *Burford, 29 Pa. St. 221.*

A recital that the title to certain lands is in A, which, in fact, is in testator, does not amount to a devise thereof, but where the title should, in justice, be in A equity will not correct the mistake, *Williams* v. *Allen, 17 Ga. 81.*

After giving to his daughter the use of the residue of his estate after her marriage, with remainder to her children, a testator, by codicil, revoked the

Terry v. Smith.

ated, to James A. Bradley, her executor, " in trust for the execution of her will," and gave to her daughter, Mrs. Smith, all the rents, issues and profits of all her estate, both real and personal, so to be held in trust, and directed the executor to pay over to her those rents, issues and profits quarterly for and during her natural life; and, upon her death, gave, bequeathed and devised all the remainder and residue of her estate, both real and personal, to Mrs. Smith's before-mentioned two daughters absolutely. The value of the personal property was, it is said, about $700; that of the real estate about $42,000, and the debts amounted to about $14,200.

The gift to the complainant is of the interest of the clear one-sixth of the estate, real and personal. The scheme of the will is to give to her and Mrs. Wilson each one-sixth of the entire estate for life, with remainder to the complainant's daughter; to give to Mrs. Smith's two daughters $7,000, and then to give the residue of the estate to the executor to pay debts and funeral and testamentary expenses, and then to pay over to Mrs. Smith, quarterly, the rents, issues and profits of the balance of the resi-

gift because he declared that in consequence of nervous debility she was unfit to marry, and therefore should not marry.—*Held,* that the court would not inquire into the fact whether the testator was mistaken or not with reference to his daughter's health or capacity, *Morley* v. *Reynoldson, 2 Hare 570.*

If a testator assign as a reason for revoking a legacy that the legatee is dead, which is not true in fact, such revocation is void, *Campbell* v. *French, 3 Ves. 321; Barclay* v. *Maskelyne, Johns. 124;* see *Gifford* v. *Dyer, 2 R. I. 99; Ritter* v. *Fox, 6 Whart 99.*

A testator, by codicil, recited that he thereby gave his grandson a legacy because he had disinherited him, whereas, in fact, he had given him a large legacy in the will.—*Held,* that the legacy in the will was not revoked, but that the codicil was void for mistake, *Mordecai* v. *Boylan, 6 Jones Eq. 365.*

So, if a testator, believing his will to be lost, execute another which is probated, and afterwards the original is found, *Moresby's Goods, 1 Hagg. 373;* see *Pringle* v. *McPherson, 2 Brev. 279; Onions* v. *Tyrer, 1 P. Wms. 345.*

Testatrix bequeathed to A "£300 due on bond." She owed A only £120, but A was held entitled to the £300, *Whitfield* v. *Clemment, 1 Meriv. 402;* see *Wood* v. *White, 32 Me. 340; Sherwood* v. *Sherwood, 45 Wis. 360.*

A specific bequest made to testator's granddaughter in satisfaction of a debt said by testator to be due from him to her, whereas, in fact, it was due to her father, cannot be charged therewith, *Harrison* v. *Haskins, 2 Pat. & H. 388.*

Terry *v.* Smith.

due, and, at her death, to hand over such balance to Mrs. Smith's two daughters. The shares of the complainant and Mrs. Wilson are not subject to the trust created for the residue. The words "for the execution of my will" are employed in the will to qualify the trust, but they are superfluous, and do not extend it over the shares of the complainant and her sister, Mrs. Wilson. The debts and the pecuniary legacies of $5,000, and $2,000 to Mrs. Smith's daughters, are to be paid out of the residue in exoneration of those shares. The complainant and Mrs. Wilson are each entitled to the interest of an undivided one-sixth of all of the testator's estate, real and personal, without any deduction for the payment of debts, or for the payment of the pecuniary legacies.

The trust of the residue did not devolve upon the administrator with the will annexed. *Brush* v. *Young, 4 Dutch. 237; Lanning* v. *Sisters of St. Francis, 8 Stew. Eq. 392.*

The complainant is entitled to have her share set off to her for her use. If good reason be shown for so doing, a mixed trust

Under a direction to pay debts, "including a debt of £300 owing from me to my daughter," whereas, the testator owed her only £150—*Held*, that she was not entitled to more than £150, *Wilson* v. *Morley, L. R. (5 Ch. Div.) 776.*

A testator gave a legacy to A, and by codicil stated that he had advanced a certain amount to A, which should be deducted from the legacy.—*Held*, that the amount stated should be deducted, although the advancement was, in fact, less than that sum, *Aird* v. *Quick, L. R. (12 Ch. Div.) 291; Quihampton* v. *Going, 24 W. R. 917; McAlister* v. *Butterfield, 31 Ind. 25; Bunnell* v. *Bunnell, 73 Ind. 163; Jackson* v. *Payne, 2 Metc. (Ky.) 567; Barker* v. *Comins, 110 Mass. 477; Sayre* v. *Sayre, 5 Stew. Eq. 61, 8 Stew. Eq. 563; Outcalt* v. *Appleby, 9 Stew. Eq. 75, note; Painter* v. *Painter, 18 Ohio 247;* see *Van Houten* v. *Post, 6 Stew. Eq. 344; Whately* v. *Spooner, 3 K. & J. 542; Hoak* v. *Hoak, 5 Watts 80; Bullock* v. *Bullock, 2 Dev. Eq. 307.*

A testator gave his daughter "four hundred dollars that she has now in her possession." She never had that amount or any other of her father, but shortly before the will was made he endorsed and gave to her a promissory note of her husband for that sum.—*Held*, that she had no claim for the legacy, *Snow* v. *Moore, 107 Mass. 510.*

As to the effect of a testator's mistake in the amount of a certain legacy, see *Read* v. *Strangways, 14 Beav. 139; Thomas* v. *Howell, L. R. (18 Eq.) 198; Milner* v. *Milner, 1 Ves. Sr. 106; Purse* v. *Snaplin, 1 Atk. 414; Danvers* v. *Manning, 2 Bro. C. C. 18; Jordan* v. *Fortescue, 11 Jur. 549; Brackenbury* v.

Terry *v.* Smith.

estate is partible in equity. *Wetmore* v. *Zabriskie, 2 Stew. Eq.*
*62.* It is manifest, from the language of the bequest, that the
testatrix contemplated a conversion of the share into money, and
the investment thereof for the benefit of the complainant for life.
The gift to her is of the "interest of the equal undivided one-
sixth part or portion" of the estate, and the will directs that
after her death the "said interest and principal thereof" be
"paid" to Georgiana Sweet. And so, too, the gift to Mrs. Wil-
son is of the "interest of the one equal undivided sixth interest,
part or portion" of the estate for life, with a direction that upon
her death the "interest as well as the principal thereof" be
"paid" to Georgiana Sweet. The testatrix, indeed, gives no
express power of sale of the real estate, and, in the gift of the
residue to Mrs. Smith, appears not to have contemplated the sale
of the real estate therein, for she gives to her the rents, issues
and profits for life, and gives, bequeaths and devises the prop-
erty, after Mrs. Smith's death, to Mrs. Smith's daughters. The
difference between the provision for the complainant and Mrs.

*Brackenbury, 2 Eden 275, Amb. 474 ; Berkeley* v. *Palling, 1 Russ. 496 ; Trevor*
v. *Trevor, 5 Russ. 24 ; McLennan* v. *Wishart, 14 Grant's Ch. 512.*

Or his estate in lands, *Burger* v. *Hill, 1 Bradf. 360 ; Harmer* v. *Moulton, 23
Fed. Rep. 5 ; Farrar* v. *Ayres, 5 Pick. 409.* See *Wilkins* v. *Kennedy, 9 East
366.*

The words in a will, " I acknowledge N., my second cousin, to be my next
of kin and heir-at-law to all my property situate in M.," is an effectual gift to
N., who was, in fact, neither heir nor next of kin of the testator, *Parker* v.
*Nickson, 1 De G. J. & S. 177.*

A testator made a bequest to "my step-daughter Sarah," who was not, in
fact, such, because the marriage of her mother to testator was void, as the
mother knew, but Sarah and the testator did not—*Held*, that Sarah was enti-
tled, *Wilkinson* v. *Jonghin, 12 Jur. (N S.) 330, L. R. (2 Eq.) 319.*

A gift to a trustee was declared by the testator to be made in pursuance of
a prior marriage settlement.—*Held*, that the trustee was entitled thereto,
although the marriage settlement was inoperative at the time the will was
made, *Dyke* v. *Dyke, 44 L. T. (N. S.) 563 ;* see *Adams* v. *Adams, 1 Hare 537;
Machem* v. *Machem, 28 Ala. 374.*

See, further, *Cole* v. *Wade, 16 Ves. 46 ; Kennell* v. *Abbott, 4 Ves. 808 ;
Florey* v. *Florey, 24 Ala. 241; Hearn* v. *Ross, 4 Harring. 46 ; Jones* v. *Haber-
sham, 63 Ga. 146 ; Cleveland* v. *Carson, 10 Stew. Eq. 377 and note ; Wallize* v.
*Wallize, 55 Pa. St. 242 ; Whitlock* v. *Wardlaw, 7 Rich. 453 ; Eatherly* v.
*Eatherly, 1 Coldw. 461 ; Hunt* v. *White, 24 Tex. 643.*—Rep.

Wilson and the provision for Mrs. Smith is very marked. The testatrix appoints no trustee of the shares of the complainant and Mrs. Wilson, but she evidently meant to create a trust as to those shares. In such case where such a trust is created, and no trustee is appointed, the trust would devolve upon the executor. But the executor has renounced, and refuses to act, and the administrator has no authority to execute the trust. Under such circumstances this court would appoint a trustee. If the real estate can be partitioned without prejudice to the interests of the owners, the share of the complainant may be set off, and she may enjoy it as tenant for life.

By the will the testatrix declares that her reason for bequeathing a larger share of her estate to Mrs. Smith than to the complainant and Mrs. Wilson was not want of affection for the latter, but because they were "amply provided for in this world's goods," whereas Mrs. Smith was poor and had no property of her own whatever; and that her reason for giving more of her estate to Mrs. Smith's two daughters than to her other granddaughter, Georgiana Sweet, was that they were poor and had no property whatever, while Georgiana Sweet had ample means and property in her own right. It is urged on behalf of Mrs. Smith and her daughters that under the construction which is above put upon the will, the testatrix's intention to give to Mrs. Smith more than she gave to the complainant and Mrs. Wilson will be frustrated. But this consideration cannot control in the construction of the will, inasmuch as the language and terms of the instrument are not doubtful. The fact that the testatrix's plan of division of her property fails to effectuate her purpose in this respect will not justify the court in disregarding the plain provisions of the will. If her design is defeated, it is because she over-valued her property, or because it has fallen in value, or because she contracted debts or met losses after the making of the will. Where the testator's language and the provisions of the will are plain the court must be guided by them.