The complainant seeks to recover out of a fund created by the last will and testament of Julia C. Sherman, deceased, a debt owed to complainant by Clarence G. Appleton, deceased. Mrs. Sherman's will contains the following provision which gives rise to the litigation:
"Third: I give and bequeath to the Montclair Trust Company of Montclair, New Jersey, the sum of Forty thousand ($40,000.00) Dollars IN TRUST NEVERTHELESS for the following uses and purposses: to pay, as and from the date of my death, the income therefrom in equal monthly payments, as near as may be, to Clarence G. Appleton of the Town of Montclair, New Jersey, for and during the term of his natural life; upon his death, to pay said income to his *Page 581 
wife, Mary E. Appleton, for and during the term of her natural life; upon the death of the survivor of them, I give and bequeath the principal of said fund unto such person or persons and in such estates, interests and proportions as the said Clarence G. Appleton shall in and by his Last Will and Testament in that behalf appoint. I give the said Clarence G. Appleton this power of disposition in order to enable him to make such legacies as he may desire, to his heirs, relatives, friends, or for charity. I empower and direct said Trustee to invest and reinvest said principal fund in such securities as may be designated by said Clarence G. Appleton while living. I am making the foregoing bequest to my friend, Clarence G. Appleton above named, in appreciation of his many acts of kindness and also for his advice and assistance which he has rendered me in connection with my investments during my life."
After Mrs. Sherman's death, Appleton, being indebted to the complainant in the sum of $17,000, contracted with complainant to execute a will appointing complainant under the third paragraph of Mrs. Sherman's will, in an amount equal to the debt. And he further agreed that as often as he might make a new will to incorporate therein a like appointment. While Appleton, pursuant to his agreement, immediately executed a will containing the appointment in favor of complainant, he later revoked that will and executed a new one in which he exercised his power of appointment by giving the whole fund to his son and daughter. This is the will which has been admitted to probate. Mr. Appleton's wife predeceased him. His estate is insolvent. The complainant relies, first, upon the contract, and second, upon its status as a general creditor of Appleton.
It will be observed that Mrs. Sherman gave Appleton power to appoint, by his last will and testament only, and not power to appoint by deed or other instrument effective in his lifetime. A general power to appoint by will cannot be exercised by deed or otherwise in the lifetime of the donee. Kent v. Armstrong,6 N.J. Eq. 637. We have no New Jersey decision on the effect of a contract to exercise a testamentary power but we find in New York a persuasive decision that the contract is ineffective. FarmersLoan and Trust Co. v. Mortimer (N.Y.), 114 N.E. Rep. 389.
The court said:
"It (the power) was to be executed not by deed but by will, and a will in its very nature is ambulatory. The exercise *Page 582 
of the power was to represent the final judgment, the last will, of the donee. Up to the last moment of his life, he was to have the power to deal with the share as he thought best. Thacker v.Key, L.R. 8 Eq. 406; Matter of Bradshaw (1902), 1 Ch. 436,443. To permit him to bargain that right away would be to defeat the purpose of the donor. Her command was that her property should go to her son's issue unless at the end of his life it remained his will that it go elsewhere. It has not remained his will that it go elsewhere; and his earlier contract cannot nullify the expression of his final purpose."
The Restatement of Law: Property, contains in chapter 25 a brilliant exposition of the law relating to powers of appointment. In section 340, is the rule applicable to the present case. "The donee of a power not presently exercisable cannot contract to make an appointment. If the promise to make such an appointment is not performed, the promisee cannot obtain damages or the specific property." I have no difficulty in reaching the conclusion that complainant, by virtue of his contract, has no equitable lien or other interest in the fund.
Where a person has a general power of appointment and executes the power, the property appointed becomes subject to the demands of his creditors to the extent his own estate is insufficient.Restatement: Property § 329; Crane v. Fidelity Union TrustCo., 99 N.J. Eq. 164; Seward v. Kaufman, 119 N.J. Eq. 44. This brings us to the question whether the power of appointment in Mrs. Sherman's will is a general power within the meaning of the rule. Complainant confines attention to the sentence in the will, "I give and bequeath the principal of said trust fund unto such person or persons, and in such estates, interests and proportions as the said Clarence G. Appleton shall, in and by his last will and testament in that behalf appoint." Defendants look to the next sentence, "I give the said Clarence G. Appleton this power of disposition in order to enable him to make such legacies as he may desire, to his heirs, relatives, friends, or for charity." *Page 583 
A power of appointment found in a will is construed by the same methods which are applied to other provisions of the will. Long
v. Stout (Pa.), 157 Atl. Rep. 607. "The intention of the donor of the power is the great principle that governs in the construction of powers, and in furtherance of the object in view, the courts will vary the form of executing the power and, as the case may require, either enlarge a limited to a general power or cut down a general power to a particular purpose." 4 Kent Comm.345, quoted in Ryan v. Daly, 99 N.J. Eq. 585; 101 N.J. Eq. 305.
A familiar rule of construction requires that every clause in a will shall be made to operate and all the words be given effect, if possible. Hackensack Trust Co. v. Denniston,127 N.J. Eq. 523; Herbert v. Central Hanover Bank, c., 131 N.J. Eq. 330,337. No part of Mrs. Sherman's will can be disregarded. When a legacy or a power is given for a particular purpose, which is expressed in the will and which is other than the benefit of the legatee or donee himself, such purpose generally attaches to and limits the gift. Is that the situation in the present case? Consider the generality of the terms used, the donee's "heirs, relatives, friends, or for charity." The word "friends" has no precise meaning. It is commonly used to describe undefinable relations which vary in degree from the greatest intimacy to an acquaintance more or less casual. Clark v. Campbell (N.H.),133 Atl. Rep. 166; 45 A.L.R. 1433. If Appleton had appointed some individual, a stranger to his blood, I do not suppose the court would inquire into their attitude toward each other, but would accept as conclusive that Appleton had appointed him under the title of a friend. "Relatives" are an unlimited group, if those of more and more remote degree are included. It cannot be supposed that the purpose which Mrs. Sherman sought to accomplish by means of the power of appointment was the benefit of any particular individuals who might fall within the classes of Appleton's relatives and friends. The object of her bounty was the donee of the power alone, and not the unknown appointee. Her purpose was to provide Appleton an income for life and to give him the final satisfaction of being able *Page 584 
"to make such legacies as he may desire." All this "in appreciation of his many acts of kindness and also for his advice and assistance."
When a gift is made in plain and unambiguous language, the reason or motive which impells a testator to make the gift cannot control. Terry v. Smith, 42 N.J. Eq. 504; 3 Jarman Wills
(Randolph Talcott) 707, Canon XII. The power is given to Appleton in words which could not be clearer. It is a general power and is not limited, or cut down by the sentence in which Mrs. Sherman explained why she gave the power.
As defendants construe the will, Appleton had a testamentary power to appoint a charity, or any individual except his executors. In the classification found in the Restatement:Property § 320, this is neither a general, nor a special power, but a hybrid. Whether, upon its exercise the donee's creditors could reach the fund, the Restatement is silent, and so am I. See, however, In re Phillips (1931), 1 Ch. 347; In re Watts
(1931), 2 Ch. 302; Edie v. Berbington, 3 Ir. Ch. 568;Fidelity Union Trust Co. v. McCaughn, 1 Fed. Rep. 2d987.
Appleton's creditors may look to the fund in question for payment of any balance due them after Appleton's own estate is exhausted. They share on an equality, pro rata. State StreetTrust Co. v. Kissel (Mass.), 19 N.E. Rep. 2d 25;121 A.L.R. 796. The bill, however, is not framed to protect the rights of all creditors, but seeks payment for complainant alone, regardless of whether enough will remain to pay other creditors. The bill must therefore be dismissed unless it can be made sufficient by amendment. *Page 585