No. 17,311.

ROOK ET AL.*v.* WILSON.

WILL.—*Devise.—Description.—Title.*—A will devising the testator's "real estate to-wit," a specified quarter of a quarter-section, passes the title to another quarter in such quarter-section, where it was the only land owned by the testator.

SAME.—*Signature.—Mark.—Wrong Christian Name.*—A will signed by the teststor by making his mark, and duly probated as his will, is not insufficient because another than his given name is written thereon. (See note at end of opinion.)

From the Jay Circuit Court.

*D. T. Taylor,* for appellants.

*La Follette & Adair* and *R. H. Hartford,* for appellee.

HOWARD, C. J.—This was an action brought by appellee against appellants and other defendants to quiet title to certain real estate. A demurrer having been overruled to the complaint, the appellants filed an answer and a cross-complaint. Afterwards, by leave of the court, the answer and cross-complaint were withdrawn, and the appellants stood upon their demurrer. Thereupon, the court, having heard the evidence, found for the appellee, and entered a decree quieting his title to the land in controversy.

Appellee traces title through mesne conveyances to a warranty deed made by Mary Rook and David Rook, widow and son of Samuel Rook; and the only question to be considered is whether the last will of Samuel Rook authorized David Rook to execute said deed.

It is not questioned that by said will certain land was devised to David Rook, on condidions which were fulfilled by him; that on the death of the testator, in August, 1854, the will was duly proved and David Rook at once went into possession of the land in controversy, claiming ownership under the will; and that he so continued in possession under claim of ownership until the making of the deed under which appellee claims title. It seems also that the title and possession thus acquired remained unassailed for nearly forty years.

It is said, however, that the land described in the will is not the same as that in dispute. The description in the will is: "My real estate, to-wit: The southeast quarter of the southeast of section eight (8), in township No. eight (8) in (22) north, of range twelve (12) east."

Appellee alleged in his complaint that, in this reference to the lands devised, the testator used an erroneous specific description of land which he did not then and at no time thereafter own; but that he did at the time own the land here in dispute, to-wit : "The northeast quarter of the southeast quarter of section eight (8), township twenty-two (22) north, range twelve (12) east;" that the last named land was "the only real estate owned by said Samuel Rook at his death;" and that "the said land '(describing it)' is and was the land referred to in the said will of Samuel Rook, deceased, by the words, 'my real estate.'"

These allegations, being taken as true, were sufficient, as we think, to make the complaint good as against the objection here urged against it. The intention to devise

Rook *et al. v.* Wilson.

the land in controversy, "my real estate," is evident from the whole tenor of the will; and the erroneous description cannot obscure this intention. A similar misdescription in *Cleveland* v. *Spilman*, 25 Ind. 95, was held insufficient to invalidate a devise. Counsel say that that case was not well considered, and ought not to be followed. The opinion in *Cleveland* v. *Spilman* was written by one of the ablest judges that ever sat upon this bench; and the case has since been often cited by this court on the point in question, including the recent case of *Priest* v. *Lackey*, 140 Ind. 399; and we are still of opinion that it should be followed in such a case as that before us. The language of the will shows that the devise was intended to operate upon the land then owned by the testator, which was the northeast, and not the southeast, quarter of the southeast quarter of the section.

Attention is also called to the circumstance that the will is signed "James (his mark X) Rook, testator," and not Samuel Rook, as it should have been. The defect, if it be such, is not discussed by counsel. A similar defect was noticed in the signature to the will in *Cleveland* v. *Spilman, supra.* The will in this case was duly probated as the will of Samuel Rook. Any mark used by the testator to stand for his name and show his assent to the will would be sufficient. See 1 Jarman Wills (6th Am. from 5th Eng. Ed.), pp. *79, 80.

. We have carefully considered every question raised in the several able briefs of counsel on both sides, and find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed September 17, 1895.

NOTE.—The authorities on the subject of signature by mark in the execution of wills, or other instruments, are found in an extensive note to *Re Guilfoyle* (Cal.), 22 L. R. A. 370.